**B104 (FORM 104) (08/07)**

| **ADVERSARY PROCEEDING COVER SHEET** (Instructions on Reverse) | **ADVERSARY PROCEEDING NUMBER** (Court Use Only) |
|---|---|
| **PLAINTIFFS** | **DEFENDANTS** |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>□ Debtor    □ U.S. Trustee/Bankruptcy Admin<br>□ Creditor    □ Other<br>□ Trustee | **PARTY** (Check One Box Only)<br>□ Debtor    □ U.S. Trustee/Bankruptcy Admin<br>□ Creditor    □ Other<br>□ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
□ 11-Recovery of money/property - §542 turnover of property
□ 12-Recovery of money/property - §547 preference
□ 13-Recovery of money/property - §548 fraudulent transfer
□ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
□ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
□ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
□ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
□ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
□ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
□ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
□ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
□ 61-Dischargeability - §523(a)(5), domestic support
□ 68-Dischargeability - §523(a)(6), willful and malicious injury
□ 63-Dischargeability - §523(a)(8), student loan
□ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
□ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
□ 71-Injunctive relief – imposition of stay
□ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
□ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
□ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
□ 01-Determination of removed claim or cause

**Other**
□ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
□ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| □ Check if this case involves a substantive issue of state law | □ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| □ Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought | |

**B104 (FORM 104) (08/07), Page 2**

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | | |
|---|---|---|---|
| NAME OF DEBTOR | | BANKRUPTCY CASE NO. | |
| DISTRICT IN WHICH CASE IS PENDING | | DIVISION OFFICE | NAME OF JUDGE |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | | |
| PLAINTIFF | DEFENDANT | | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | | |
| DATE | | PRINT NAME OF ATTORNEY (OR PLAINTIFF) | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

Brian A. Paino (SBN 251243)
bpaino@piteduncan.com
Balpreet K. Thiara (SBN 265150)
bthiara@piteduncan.com
**PITE DUNCAN, LLP**
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, CA 92177-0933
Telephone: (858) 750-7600
Facsimile:  (619) 590-1385


Attorneys for Plaintiff
Brian Latchford, dba Latchford Roofing

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA - RIVERSIDE DIVISION

| | |
|---|---|
| In re<br><br>BRET MICHAEL BATTERTON and KRYSTAL LYNN BATTERTON,<br><br>Debtors.<br><br>BRIAN LATCHFORD, DBA LATCHFORD ROOFING,<br><br>Plaintiff,<br><br>vs.<br><br>BRET MICHAEL BATTERTON and KRYSTAL LYNN BATTERTON,<br><br>Defendants. | Case No.  6:10-bk-47066-DS<br><br>Adv. Proc. No. [To be determined]<br><br>Chapter  7<br><br>**COMPLAINT TO DETERMINE THE DISCHARGEABILITY OF DEBT PURSUANT TO 11 U.S.C. § 523** |

**COMES NOW** Brian Latchford, dba Latchford Roofing ("Plaintiff"), by and through his undersigned counsel, and petitions the Court to determine the dischargeability of the debt owed to Plaintiff by the above-captioned debtors, Bret Michael Batterton ("BMB") and Krystal Lynn Batterton ("KLB") (collectively, the "Defendants"). In support thereof, Plaintiff alleges as follows:

/./././

/./././

/./././

- 1 -
**COMPLAINT**

**JURISDICTION AND VENUE**

1. This adversary proceeding arises out of Defendants' bankruptcy case filed under Chapter 7 of Title 11 of the United States Code on November 16, 2010, which is currently pending in the U.S. Bankruptcy Court for the Central District of California – Riverside Division as Case No. 6:10-bk-47066-DS.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 157 and 1334.

3. This matter constitutes a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

5. This is a complaint to determine the dischargeability of certain indebtedness owed to the Plaintiff by the Defendants. This Complaint to Determine the Dischargeability of Debt Pursuant to 11 U.S.C. § 523 ("Complaint") is filed pursuant to Rule 7001(6) of the Federal Rules of Bankruptcy Procedure.

**PARTIES**

6. Plaintiff is an individual who resides in Riverside County, State of California.

7. Plaintiff's dba, Latchford Roofing, is a sole proprietorship organized and existing under the laws of the State of California.

8. Plaintiff alleges on information and belief that Defendants are individuals residing in Riverside County, State of California.

9. Parker Funding Inc. ("Parker Funding") is an entity incorporated under the laws of the State of California and currently has a suspended corporate status. Plaintiff alleges on information and belief that BMB was the Chief Executive Officer of Parker Funding.

**FACTUAL ALLEGATIONS**

10. In January of 2008, BMB approached Plaintiff regarding an alleged investment opportunity involving the importing and exporting of pharmaceutical drugs through Parker Funding.

11. BMB requested a monetary investment from Plaintiff in the amount of $35,000.00 and promised to return the $35,000.00, with interest, within twelve (12) calendar days.

/./././

/./././

12. BMB represented to Plaintiff that he had a valid pharmaceutical license and his business, Parker Funding, regularly engaged in the business of importing and exporting pharmaceutical drugs.

13. BMB further represented to Plaintiff that he would invest the $35,000.00 in connection with Parker Funding's legal importing and exporting of pharmaceutical drugs.

14. On or about January 3, 2008, Plaintiff loaned BMB $35,000.00 (the "First Investment").

15. In exchange for the First Investment, BMB executed a promissory note (the "Note") in the original principal sum of $35,000.00, which was made payable to Plaintiff.

16. Pursuant to the Note, BMB was required to repay the full amount of the First Investment, plus $10,000.00 in interest, by no later than January 15, 2008 (the "Maturity Date").

17. The Note further provides that, in the event all amounts due and owing under the Note are not paid to Plaintiff by the Maturity Date, BMB shall pay a $100.00 per day penalty until all amounts due and owing under the Note are paid in full.

18. BMB agreed to have the Note notarized for purposes of finalizing the terms of the Note and assuring Plaintiff that he would have recourse in the event BMB failed to satisfy his obligations under the Note.

19. Plaintiff relied on BMB's representation that Parker Funding was a legitimate business enterprise and that the notarization of the Note was of legal consequence.

20. KLB notarized the Note using her maiden name "Bracy."

21. Defendants failed to disclose that "Bracy" is KLB's maiden name and/or that KLB was, in fact, BMB's spouse.

22. Prior to the Maturity Date, BMB requested an additional loan from Plaintiff in the amount of $9,200.00, which BMB advised would be invested in the same manner as the First Investment.

23. Plaintiff loaned BMB an additional $9,200.00 (the "Second Investment") on the condition that BMB repay the $9,200.00, plus $800.00 in interest, by January 15, 2008.

/././

24. On January 15, 2008, Plaintiff contacted BMB concerning repayment of the First Investment and Second Investment and discovered that Defendants utilized the invested funds for their personal use, not to invest in the legal importing and exporting of pharmaceutical drugs.

25. As of the date of this Complaint, BMB has not paid Plaintiff the amount due under the Note and/or returned the Second Investment to Plaintiff, with interest.

26. Plaintiff alleges on information and belief that BMB did not have, and has never had, a valid pharmaceutical license.

27. Plaintiff alleges on information and belief that Parker Funding was a sham corporation that was never legally engaged in the business of importing and exporting pharmaceutical drugs.

28. Plaintiff alleges on information and belief that Defendants used the First Investment and Second Investment to obtain material possessions and/or illegal drugs.

29. Plaintiff alleges on information and belief that, notwithstanding his representations to Plaintiff, BMB never intended to: (a) use the First Investment and/or Second Investment for an investment opportunity; or (b) repay the monies loaned to him by Plaintiff.

30. On or about October 21, 2008, Plaintiff filed a Complaint for Fraud and Breach of Contract (the "State Court Complaint") in the Superior Court of California, County of Riverside (the "Superior Court"), which was assigned Case No. RIC 511838. A true and correct copy of the State Court Complaint is attached hereto as **Exhibit A** and incorporated herein by reference.

31. On or about July 22, 2010, the Superior Court entered a Judgment in favor of Plaintiff and against Defendants and Parker Funding in the aggregate amount of $56,617.84 (the "Judgment"). A true and correct copy of the Judgment is attached hereto as **Exhibit B** and incorporated herein by reference.

32. On or about November 16, 2010, Defendants filed their voluntary petition under Chapter 7 of the Bankruptcy Code in the U.S. Bankruptcy Court for the Central District of California – Riverside Division.

/././

/././

## CLAIM FOR RELIEF

## 11 U.S.C. § 523(a)(2)

33. Plaintiff repeats, realleges and incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

34. The First Investment and Second Investment constitute the extension of money by Plaintiff which was obtained by false pretenses, false representations, and/or actual fraud by the Defendants.

35. BMB's conduct in making false representations that: (a) the funds from the First Investment and Second Investment were to be utilized in connection with the legal import and export of pharmaceuticals; (b) Parker Funding was valid corporation legally engaged in the business of importing and exporting pharmaceuticals; (c) the First Investment and Second Investment would be repaid to the Plaintiff by January 15, 2008; (d) BMB had a valid pharmaceutical license; and (e) KLB was an uninterested, third-party notary, was undertaken with the intent to defraud Plaintiff.

36. Defendants' misrepresentations and omissions to Plaintiff were intended to deceive and, in fact, did deceive Plaintiff. If Plaintiff had known that Defendants intended to use the funds from the First Investment and Second Investment for their personal use and/or the purchase of illegal drugs, Plaintiff would not have agreed to loan BMB any money.

37. Plaintiff justifiably relied on the Defendants' misrepresentations and omissions and, as a result, has sustained monetary loss as a proximate cause of such misrepresentations and omissions.

38. Based upon the foregoing, Plaintiff is entitled to a determination that the monetary obligations owed by BMB to the Plaintiff were procured by false pretenses, false representations and actual fraud and, therefore, constitute a nondischargeable debt under 11 U.S.C. § 523(a)(2).

/././
/././
/././
/././
/././

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays as follows:

1. For a judgment that the debt owed to Plaintiff by the Defendants is nondischargeable upon one or more of the grounds set forth herein;

2. For a judgment that Defendants are liable to Plaintiff for fraud;

3. For reasonable attorneys' fees and costs of suit incurred herein; and

4. For such other and further relief as the court deems just and proper.

PITE DUNCAN, LLP

Dated: February 22, 2011        By: *Balpreet K. Thiara*
                                    Balpreet K. Thiara
                                    Attorneys for Plaintiff
                                    Brian Latchford, dba Latchford Roofing

**VERIFICATION**

I, the undersigned, citizen of the United States and resident of the State of California, have read the foregoing Complaint and declare under penalty of perjury that the foregoing is true and correct.

Dated this __23__ day of February, 2011.

Brian Latchford

- 6 -
COMPLAINT