Dennis Gewant DBA Atlas Judgment Recovery
269 S Beverly Dr, Ste 102, Beverly Hills, CA 90212
Tel: 310-276-4900 / Fax: 310-273-6432
Email: atlasjudgmentrecovery@gmail.com
Assignee of Record, Creditor, and Plaintiff, Pro Se

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

| | |
|---|---|
| In re Richard Irving Levinson and Lisa Marie Levinson,<br><br>Debtors<br><br>    Dennis Gewant DBA Atlas Judgment Recovery,<br><br>    Plaintiff,<br><br>    v.<br><br>    Richard Irving Levinson and Lisa Marie Levinson,<br><br>    Defendants | Case No.: 2:22-BK-15330-WB<br>Chapter 7 Proceeding<br>Adv. Proc. No. 2:22-AP-01218-WB<br>DC NO.: DG-4<br><br>**PLAINTIFF DENNIS GEWANT'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Noticed Hearing Date:<br>Time: June 6, 2023, 2:00 PM<br>Courtroom: 1375<br>Judge: Hon. Julia W. Brand<br><br>[Filed Concurrently with:<br>- Statement of Uncontroverted Facts and Conclusions of Law<br>- Declaration of Dennis Gewant<br>- Proposed Summary Judgment] |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLAINTIFF DENNIS GEWANT'S MOTION FOR SUMMARY JUDGMENT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PLEASE TAKE NOTICE THAT, on June 6, 2023, 2:00 PM, or as soon thereafter as the matter may be heard, a hearing will be held on Plaintiff Dennis Gewant's Motion for Summary Judgment, in Courtroom 1375 of the United States Bankruptcy Court for the Central District of California, Los Angeles Division, located at 255 E Temple St, Los Angeles, CA 90012, the Honorable Julia W. Brand presiding.

Plaintiff Dennis Gewant ("Gewant") moves for summary judgment on the very simple ground of issue preclusion (mistakenly stated as "claim preclusion" in his response to the Defendant's Motion for Summary Judgment). The record is clear and ample under bankruptcy law, as applied in California, to grant the Motion. Gewant's burden of proof has already been met by the state court record, leading up to and including the judgment.

This Motion is based upon the attached Memorandum of Points and Authorities, documentation contained in the record and attached hereto, the separate Statement of Uncontroverted Facts, and the proposed Order on Motion for Summary Judgment filed and lodged concurrently herewith, the pleadings on file in this case and upon such further oral and documentary evidence as may be presented to the Court at or prior to the hearing on this motion.

This motion is being made pursuant to Local Bankruptcy Rule (LBR) 7056-1. If the responsive party desires to respond to the motion, a written opposition must be filed with the Court and served upon Plaintiff Gewant, whose full name and address appear in the upper-left corner of this motion no later than 21 days prior to the date set for hearing on this motion

pursuant to LBR 7056-1(c). Failure to timely oppose may not be deemed consent to the relief

requested herein (LBR 7056-1(g)).

DATED: April 21, 2023

Respectfully submitted,

Dennis Gewant

Plaintiff/Judgment Creditor/Assignee of Record

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................................................... 5

A.  SUMMARY ...................................................................................................... 7

B.  FACTUAL BACKGROUND ............................................................................ 8

C.  SUMMARY JUDGMENT IS APPROPRIATE ............................................ 10

D.  ISSUE PRECLUSION APPLIES ................................................................. 10

   1.  The issue under § 523(A)(2)(A) is identical to that decided in the state court action. 12

   2.  The issue was actually litigated................................................................12

   3.  The issue was necessarily decided ...........................................................13

   4.  The decision was final and on the merits...................................................16

   5.  The parties against whom preclusion is sought are the same ....................16

   6.  Application of issue preclusion is consistent with relevant public policies ...............17

E.  THERE IS NO AMBIGUITY AS TO WHICH TRANSACTION WAS COVERED BY THE FRAUD AND BPC 17500 LIABILITY ............................................. 18

F.  ONE OF THE FACTS ON WHICH THE STATE COURT GRANTED JUDGMENT WAS PROBABLY THE LACK OF TESTIMONY FROM THE DEFENDANTS .......... 19

G.  INFORMAL REQUEST PURSUANT TO FRCP 11(c)(3) ........................ 20

H.  CONCLUSION ............................................................................................. 21

STATEMENT OF UNCONTROVERTED FACTS ......................................... 1

CONCLUSIONS OF LAW ................................................................................ 5

1

TABLE OF AUTHORITIES

2

**Cases**

3

*Evis Mfg. Co. v. F.T.C.*, 287 F.2d 831 ...............................................................19

4

*Far Out Productions, Inc. v. Oskar* (9th Cir. 2001), 247 F3d 986 ...............15

5

*Grogan v. Garner*, 498 U.S. 279 .......................................................................11

6

*Honkanen v. Hopper (In re Honkanen)*, 446 B.R. 373 ...................................12

7

*In re Baldwin* (9th Cir. 2001) 249 F.3d 912 ................................................17, 18

8

*In re Biggs* (BC D ID 2017) 563 BR 319 .........................................................15

9

*In re Bugna,* 33 F3d at 1057 .............................................................................15

10

*In re Cantrell* (9th Cir. 2003) 329 F3d 1119 ..................................................16

11

*In re Green* (9th Cir. BAP 1996) 198 BR 564 ................................................16

12

*In re Moore* (BC ND CA 1995) 186 BR 962 ...................................................16

13

*In re Nourbakhsh* (9th Cir. 1995) 67 F3d 798 ...............................................15

14

*In re Rubin*, 875 F.2d 755 .................................................................................10

15

*In re Tsurukama*, 287 B.R. 515 ........................................................................10

16

*In re Yaikian,* 508 B.R. 175 .............................................................................12

17

*In re Zuckerman* (9th Cir. BAP 2020) 613 BR 707 ...................... 12, 13, 16, 17

18

*Int'l Union, United Automobile, Aerospace and Agric. Implement Workers of Am. (U.A.W.) v.*

19

    *N.L.R.B.,* 459 F.2d 1329 ...............................................................................19

20

*Johnson v. JP Morgan Chase Bank*, 395 B.R. 442 .........................................10

21

*Jorge v. Mannie (In re Mannie)*, 258 B.R. 440 ...............................................12

22

*Kelly v. Okoye (In re Kelly)*, 182 B.R. 255 ......................................................11

23

*Kremer v. Chemical Constr. Corp.*, 456 U.S. 461 ...........................................15

24

*Lucido v. Superior Court*, 51 Cal.3d 335 ........................................................11

25

*McCray v. Barrack*, 217 B.R. 598 ....................................................................10

26

*Muegler v. Bening*, 413 F.3d 980 ......................................................................11

27

28

PLAINTIFF DENNIS GEWANT'S MOTION FOR SUMMARY JUDGMENT

*Singh v. Gonzales*, 491 F. 3d 1019................................................................................................19

*Smith v. United States,* 128 F.Supp.2d 1227 ................................................................................19

*Welsh v. United States*, 844 F.2d 1239..........................................................................................19

*Younie v. Gonya (In re Younie)*, 211 B.R. 367 .......................................................................12, 13

**Statutes**

28 U.S.C. § 1738................................................................................................................................15

**Other Authorities**

Empty-Chair Doctrine Law and Legal Definition ........................................................................20

**Rules**

FRCP 11(c)(3) ...................................................................................................................................20

**Treatises**

2 J. Wigmore, Evidence § 285 (3d ed. 1940) ...............................................................................19

31A C.J.S. Evidence § 167 (2007)...................................................................................................19

Rutter Group, *Cal. Prac. Guide Bankruptcy* Ch. 22-I ...............................................................15

**Constitutional Provisions**

Article IV of the US Constitution ..................................................................................................15

---

PLAINTIFF DENNIS GEWANT'S MOTION FOR SUMMARY JUDGMENT

**A. SUMMARY**

Issue preclusion applies in this case with regard to the sole cause of action in the Complaint (DE #1): nondischargeability for fraud under 11 USC 523(a)(2)(A).

Judge Irving S. Feffer in the original Los Angeles state court case *necessarily decided* that the elements of common law fraud, including its *scienter* requirement, were met. If Judge Feffer had not so decided, he could not have found, as he did, that the Levinsons were liable "on all counts plead [*sic*]," specifically including "fraud" with no modifier in front of that word. State Court Judgment, Ex. 1 to Complaint, p. 2. While the elements of fraud are worded slightly differently under California state law than under bankruptcy law, those differences are trivial. Any set of facts that support a finding of garden-variety fraud under California state law, also support such a finding under Ninth Circuit bankruptcy law.

The Defendants' Motion for Summary Judgment ("DMSJ", DE #12) even admits (10:7-9) that the elements of fraud are the same (a "mirror image") under California state law as under bankruptcy law.

Moreover, the same state court also *necessarily decided* that the Levinsons' conduct was consistent with the elements of the alleged violations of Business & Professions Code (BPC) 17200 and 17500. That court awarded treble damages to punish and deter that conduct. California's BPC 17500 explicitly states a *scienter* element that, again, is consistent with that requirement under bankruptcy law.

---

## B.  FACTUAL BACKGROUND

Gewant has not been able to determine whether there is a requirement to present a

Factual Background section, as the Defendants did in their DMSJ. Gewant wishes to respect the

Court's time, as well as the rule not to file duplicate copies of exhibits previously filed in the

same case. Accordingly, out of an abundance of caution, he hereby states that he agrees with

each statement in the Defendants' Factual Background section *other than* the following:

> *DMSJ:* "Herzog appeared and apparently testified and the one page contract, attached to
> the Complaint herein, at Exhibit 5, page 12 of Plaintiff's nondischargeability complaint
> was introduced into evidence." 5:15-18.

*Gewant's Position:* There was no "apparently" about it; Herzog certainly appeared and

testified. Ex. 8 to Complaint, Minutes of Trial, dated 7/17/01 (three days after the trial). And

page 12 of Exhibit 5 to the Complaint is not a contract, but rather an Invoice. Since breach of

contract is not being pled in this adversary proceeding, the title of the document may be

inconsequential, but Gewant does not want to gloss over the incorrect label.

> *DMSJ:* "Gewant has taken steps to collect the judgment by virtue of wage garnishments
> and bank levies to the extent that over the years he has either levied or garnished
> approximately $121,000 applied to the balance of the judgment." 6:12-15.

*Gewant's Position:* Gewant stands by what he wrote in paragraph 18 (page 6) of the

Complaint, including that he has collected $4500 since the judgment was renewed on 6/24/2020

in the amount of 518,251.59. See the state court register of actions, Ex. 9 to the Complaint, p. 5

and Ex. 10 to the Complaint, p. 10. The amount outstanding is more important than what has

been collected. The principal amount due under the renewal has never been reduced, because

---

according to state law amounts collected are applied to interest first, and have never exceeded

the accrued interest. The Clerk of the Court approved the renewal, which was supported by the

required declaration of accrued interest and credits. *Id.*

*DMSJ:* "Gewant also renewed the judgment in July, 2011". 6:15-16.

*Gewant's Position:* Gewant could not and did not renew the judgment before his

corporation took assignment of it in 2014. Ex. 3 to the Complaint, p. 1-2. It was Herzog who

renewed the judgment in 2011. Ex. 9 to the Complaint, p. 3.

*DMSJ:* Gewant "apparently filed an Application for Renewal of Judgment in June, 2020,
but the state court docket does not indicate that the judgment was renewed". 6:16-18.

*Gewant's Position:* There was nothing apparent about it. The state court docket certainly

does indicate that the judgment was renewed, as "06/24/2020 Notice Notice of Renewal; Issued

and Filed by: Atlas Judgment Recovery Corp." and just below that entry, "06/24/2020 Court

orders judgment renewed". Ex. 9 to the Complaint, p. 3. See also Ex. 1 to Gewant's Response

(DE #18) to the DMSJ, Notice of Renewal, with the Los Angeles Superior Court's conforming

stamp across the top. Many examples of such flagrant denial by Defendants of what the record

actually states was dealt with at length in Gewant's Response to DMSJ.

*DMSJ:* "Plaintiff has filed the instant nondischargeability complaint, wholly based upon

the fraud claim alleged in the 2000 Superior Court complaint…" 6:20-22.

---

PLAINTIFF DENNIS GEWANT'S MOTION FOR SUMMARY JUDGMENT

*Gewant's Position:* Of course the instant complaint is not "*wholly* based upon" a mere *claim*, but rather on the judgment and the other relevant parts of the state court record. Again with the flagrant denial.

### C.  SUMMARY JUDGMENT IS APPROPRIATE

Gewant also incorporates by reference the DMSJ section entitled "SUMMARY JUDGMENT IS APPROPRIATE SINCE THE CONTROVERSY HEREIN INVOLVES APPLICATION OF LAW".

### D.  ISSUE PRECLUSION APPLIES

Issue preclusion certainly applies in this case.

Plaintiff's sole cause of action in this proceeding is under 11 USC § 523(A)(2)(A).The test for determining whether a debt is non-dischargeable under section 523(a)(2)(A) includes: (1) misrepresentation of a material fact; (2) knowledge of the falsity of the representation; (3) intent to induce reliance; (4) justifiable reliance; and (5) damages. *Johnson v. JP Morgan Chase Bank*, 395 B.R. 442, 448 (E.D. Cal. 2008), citing *In re Tsurukama*, 287 B.R. 515, 520 (B.A.P. 9th Cir. 2002). Knowledge and intent can be proven through circumstantial evidence or by inferences from the debtor's course of conduct. *McCray v. Barrack*, 217 B.R. 598, 607 (B.A.P. 9th Cir. 1998). A promise made without a present intent to perform satisfies section 523(a)(2)(A). *In re Rubin*, 875 F.2d 755, 759 (9th Cir. 1989). Plaintiff is not required to prove that Defendants themselves directly or indirectly benefitted from the fraudulent conduct.

*Muegler v. Bening*, 413 F.3d 980, 983-984 cert den. (2006) 546 U.S. 1139, 126 S.Ct. 1149 (9th Cir. 2005).

The state court found in favor of Herzog "upon all counts plead." (Complaint, DE #1, Ex. 1, p. 2.) One of the counts plead was for fraud. (Complaint, Ex. 5, p. 1, 5.)

Unlike claim preclusion, issue preclusion may apply to a dischargeability claim. See *Grogan v. Garner*, 498 U.S. 279 at 284 n. 11, 111 S.Ct. 654 ("We now clarify that collateral estoppel principles do indeed apply in discharge exception proceedings pursuant to § 523(a)."). Six criteria must be met for issue preclusion to apply to a California judgment under *Lucido v. Superior Court*, 51 Cal.3d 335 at 341-43, 272 Cal.Rptr. 767, 795 P.2d 1223: (1) the issue "must be identical to that decided in a former proceeding"; (2) it "must have been actually litigated in the former proceeding"; (3) it "must have been necessarily decided in the former proceeding"; (4) "the decision in the former proceeding must be final and on the merits"; (5) "the party against whom preclusion is sought must be the same as, or in privity with, the party to the former proceeding"; and (6) application of issue preclusion must be consistent with the public policies of "preservation of the integrity of the judicial system, promotion of judicial economy, and protection of litigants from harassment by vexatious litigation." Whether the elements of issue preclusion are met is a factual issue on which Karapet has the burden to "introduce a record sufficient to reveal the controlling facts and pinpoint the exact issues litigated in the prior action." *Kelly v. Okoye (In re Kelly)*, 182 B.R. 255, 258 (9th Cir. BAP 1995); *Berr v. FDIC (In re Berr)*, 172 B.R. 299, 306 (9th Cir. BAP 1994). This burden is made weightier by the

---

PLAINTIFF DENNIS GEWANT'S MOTION FOR SUMMARY JUDGMENT

presumption against applying issue preclusion in nondischargeability cases. *Honkanen v. Hopper (In re Honkanen)*, 446 B.R. 373, 384 (9th Cir. BAP 2011). [From *In re Yaikian,* 508 B.R. 175, 183-184 (Bankr. S.D. Cal. 2014).]

*1. The issue under § 523(A)(2)(A) is identical to that decided in the state court action*

"[T]he first (identical issue) is met because fraud and nondischargeability under § 523(a)(2)(A) have identical elements." *In re Yaikian, supra*, citing *Younie v. Gonya (In re Younie)*, 211 B.R. 367, 374 (9th Cir. BAP 1997), aff'd, 163 F.3d 609 (9th Cir.1998).

See also the Defendants' admission in the DMSJ (8:15-22).

*2. The issue was actually litigated*

As stated by *In re Zuckerman* 613 B.R. 707, 715, (B.A.P. 9th Cir. 2020) aff'd (9th Cir., Oct. 24, 2022, No. 20-60031) 2022 WL 13861067, "[t]his is not a default scenario; while [the debtor] and his counsel chose not to attend trial, [the debtor] had answered the operative complaint, participated in the litigation before trial, and received actual notice of trial and a subpoena for his attendance at trial. See *Jorge v. Mannie (In re Mannie)*, 258 B.R. 440, 445 n.3 (Bankr. N.D. Cal. 2001) ('A judgment after trial is not a default judgment simply because the defendant fails to appear at trial.')." "His answer was on file and was effective, and Appellees were required to prove all the essential controverted allegations of their complaint." *Id.* at 716. That is exactly what took place here with respect to the underlying state court action.

Furthermore, "the bankruptcy court was not required to question how the state court reached its decision; that type of inquiry would amount to an impermissible collateral attack on

the Judgment." *Id.* Defendants' reliance on what they contend to be a paucity of documentary

evidence surrounding the basis of the state court's determination is irrelevant. Judgment was

entered in favor of Herzog for, *inter alia*, fraud.  (Complaint, Ex. 1, p. 2, Ex. 5, p. 1, 5.) This

Court is not required to—and should not—second guess the state court's judgment at this stage.

### 3. The issue was necessarily decided

Again, *In re Zuckerman* is instructive: "Even if it were a default judgment, we need not

address the sufficiency of the state court's findings because it necessarily decided the issues. *Id.*

The Judgment provides at several places that Mr. Zuckerman is liable for fraud and awarded

punitive damages. The Judgment 'necessarily included a determination of all of the facts

required for actual fraud under California law.' *In re Younie*, 211 B.R. at 374." *In re Zuckerman*

(B.A.P. 9th Cir. 2020) 613 B.R. 707, 718, aff'd (9th Cir., Oct. 24, 2022, No. 20-60031) 2022

WL 13861067.

The above ruling covers every aspect of the state court judgment, including the attorney

fee award (which was challenged by Defendants in their Motion). It is simply too late for

Defendants to dispute that award. This Court must presume the correctness of the ruling; the

Court has no discretion to disturb it. The Defendants slept on their rights and must live with the

consequences.

In case more is needed:

For Judge Feffer to reach all the ultimate conclusions that he reached, he must

*necessarily have decided* that the elements underlying "all counts plead" (Judgment, line 7) had

been met. In doing so, Judge Feffer relied on "the testimony of the witness presented," i.e., only

that of Jay Herzog, AND the "exhibits moved into evidence" as well as "the full pleadings on

file" which included of course the Complaint, with detailed allegations of FACT *– six pages'*

*worth* of such facts.  Dates, places, amounts, and "the Levinsons" were specified in the

allegations. State Court Complaint, Ex. 1 to Motion, pp. 3-8 (for fraud specifically, 5-6).

The Defendants' own proposed "Finding of Fact" #4 describes the "evidence adduced":

4. Herzog appeared at trial and testified. Three exhibits, including a one page contract
(that did not contain the name of either the plaintiff or defendants therein), a check and a
corporate authorization were introduced into evidence.  [Superior Court minutes of trial,
Plaintiff's Complaint, Exhibit 8].

DE #13, 2:12-16.

The corporate authorization must have sufficed for Judge Feffer to link the Levinsons to

the business name on the contract. Moreover, the Defendants' company and the Defendants

individually were named as Defendants in the state court litigation from the beginning. In fact,

Defendants answered on behalf of their company:

SPECIAL DENIAL

1. Defendants, LISA LEVINSON and RICHARD LEVINSON, individually or dba as
L.M.L. ENTERPRISES (collectively hereinafter referred to as "Defendants") admit the
following paragraphs of Plaintiff's complaint: None.

Ex. 6 to Complaint, 2:4-9.

It would be unreasonable and an abuse of discretion for this Court to presume that Mr.

Herzog's testimony or "the exhibits moved into evidence" fell short of supporting, by the

preponderance of the evidence, what was stated in the Complaint. To do so would be to

---

PLAINTIFF DENNIS GEWANT'S MOTION FOR SUMMARY JUDGMENT

presume, with zero evidence, that Judge Feffer abused *his* discretion. Such a conclusion by this

Court would be exactly the kind of refusal to grant "full faith and credit" to the judgments of

other courts that is forbidden by Article IV of the US Constitution, the preclusive power of state

court judgments that California grants *even to default judgments* (when certain criteria are met,

as in this case; see below), and the federal cases cited below:

> [22:1711.1] **Required elements**: Under California law, collateral estoppel applies
> where:
>
> > — the issues in both proceedings are identical;
> >
> > — there was a final judgment on the merits; and
> >
> > — the party against whom collateral estoppel is asserted was a party to the
> > prior adjudication or in privity with such party (e.g., husband and wife re
> > community property debts). [*In re Bugna, supra*, 33 F3d at 1057] [citing
> > 28 USC § 1738; *Kremer v. Chemical Constr. Corp.*, 456 U.S. 461, 481-82,
> > 102 S.Ct. 1883, 1897-98, 72 L.Ed.2d 262 (1982)]
>
> Rutter Group, *Cal. Prac. Guide Bankruptcy* Ch. 22-I, December 2022 Update, p.
> 15.

Moreover:

> **b. Judgments entitled to preclusive effect**
>
> (1) [22:1712] **Default judgments**: [Even] A default judgment has preclusive
> effect in a bankruptcy action to the same extent it would have in the state court in
> which it was rendered. [*Far Out Productions, Inc. v. Oskar* (9th Cir. 2001) 247
> F3d 986, 993; *In re Nourbakhsh* (9th Cir. 1995) 67 F3d 798, 800; see also *In re
> Biggs* (BC D ID 2017) 563 BR 319, 327—default judgment for embezzlement
> had preclusive effect under Idaho law in bankruptcy]
>
> Under California law, a default judgment is given collateral estoppel effect if the
> defendant:

— had actual notice of the litigation and an opportunity to participate; and
— the issues were "actually litigated" in the action. [*In re Cantrell* (9th
Cir. 2003) 329 F3d 1119, 1123-1124; *In re Harmon* (9th Cir. 2001) 250
F3d 1240, 1246-1249; see also *In re Green* (9th Cir. BAP 1996) 198 BR
564, 566—default judgment conclusively establishes the truth of all
material allegations contained in the complaint and every fact necessary to
uphold the default judgment]

(a) [22:1713] **"Actually litigated" requirement:** For purposes of a default
judgment, an issue is "actually litigated" when it is "properly raised by the
pleadings, or otherwise, and is submitted for determination, and is determined,
noting that a determination may be based on a failure of proof." [*In re Moore* (BC
ND CA 1995) 186 BR 962, 971 (emphasis added); see also *In re Zuckerman* (9th
Cir. BAP 2020) 613 BR 707, 715-716—although technically not a default
judgment, question of debtor's fraud was actually litigated in prior state court
action and judgment entered after trial in absentia for which debtor and his
counsel failed to appear]

*Id.*, p. 16.

That last part bears a striking similarity to the instant case, in which the Defendants

admittedly "did not appear at the trial" and failed to bring any case-in-chief :

"Plaintiff rests. Defendant having no rebuttal or (oral) defense at this time, rests".

(Closing arguments deemed waived.)

Complaint, Ex. 8.

4. *The decision was final and on the merits*

Defendants do not contest that the state court judgment was final and on the merits.

5. *The parties against whom preclusion is sought are the same*

Defendants do not contest that they were parties to the underlying state court action and

judgment debtors therein. The other purported judgment debtor, L.M.L. Enterprises, is merely a

fictitious business name of the Levinsons (apparently based on the initials "Lisa Marie

Levinson").

### 6. *Application of issue preclusion is consistent with relevant public policies*

"[T]hree fundamental policies ... support the application of issue preclusion in appropriate cases: preservation of the integrity of the judicial system, promotion of judicial economy, and protection of litigants from harassment by vexatious litigation." *In re Zuckerman* (B.A.P. 9th Cir. 2020) 613 B.R. 707, 718, aff'd (9th Cir., Oct. 24, 2022, No. 20-60031) 2022 WL 13861067 (internal quotations and citations omitted). While the bankruptcy court has discretion in weighing these factors, all three factors weigh strongly in favor of Plaintiff herein.

The case of *In re Baldwin* (9th Cir. 2001) 249 F.3d 912 offers incisive commentary on

each of these three policies which is worth quoting. With respect to the first policy:

"[w]here, as here, the state court was fully capable of adjudicating the issue subsequently presented to the bankruptcy court, we conclude that the public's confidence in the state judicial system would be undermined should the bankruptcy court relitigate the question of whether Baldwin [the debtor] had acted with the intent to injure Kilpatrick [the creditor]. … Moreover, relitigation in bankruptcy court of the issue decided by the state court would conflict with the principle of federalism that underlies the Full Faith and Credit Act."

*In re Baldwin* (9th Cir. 2001) 249 F.3d 912, 920.

With respect to the second policy:

"[I]t is obvious that application of collateral estoppel in the present context will promote judicial economy. If Baldwin were not precluded from relitigating the issue, the bankruptcy court would have to conduct an evidentiary hearing in order to determine whether Baldwin intentionally acted to injure Kilpatrick. Relying on the state court's determination allows the bankruptcy court to conserve judicial resources."

*Ibid*.

With respect to the third policy:

"[W]e conclude that under these circumstances, application of collateral estoppel will protect creditors from vexatious litigation. Baldwin had a full and fair opportunity to litigate the issue in the state court proceedings. There is no indication in the record that those proceedings violated Baldwin's right to due process, nor does Baldwin allege any constitutional infirmity. Baldwin forfeited his right to defend himself in state court. He presents no good reason for having done so. It would be unfair to Kilpatrick to require him to relitigate before the bankruptcy court what was properly decided by the state court."

*Ibid.*

## E.  THERE IS NO AMBIGUITY AS TO WHICH TRANSACTION WAS COVERED BY THE FRAUD AND BPC 17500 LIABILITY

To dispose of an argument Defendants might make in a Response to this Motion, Gewant notes the argument and then refutes it:

"A judgment awarding damages in the aggregate on various dischargeable and nondischargeable claims, without explaining the basis for the award, lacks the necessary specificity for issue preclusion to apply. [Citation.] Because the Default Judgment fails to allocate the debt between the purportedly nondischargeable claims (e.g., fraud) and dischargeable claims (e.g., breach of contract, negligent misrepresentation), issue preclusion is not appropriate." *In re Cline* (Bankr. S.D. Ohio 2020) 614 B.R. 284, 290.

Gewant has not found a similar holding in the Ninth Circuit. But it doesn't matter. There was only one transaction for which the state court could have found the Levinsons liable: the one transaction for $30,000. And the treble damages were awarded specifically for the violations of BPC 17200 and 17500 (as was explained at length in Gewant's Response to DMSJ), the latter of which was a form of fraud. As argued above (pp. 11-12), it is too late to collaterally attack the *correctness* of the treble damages award for both 17200 and 17500. Nor were Defendants prejudiced by it even if it were incorrect, because treble damages could have been (and typically are) awarded just for the garden-variety fraud, for which the Levinsons were

explicitly found liable. Any ambiguity or error in the state court's attributing its award of treble

damages to both BPC 17200 and 17500 is irrelevant and moot.

### F.  ONE OF THE FACTS ON WHICH THE STATE COURT GRANTED JUDGMENT WAS PROBABLY THE LACK OF TESTIMONY FROM THE DEFENDANTS

Adverse inferences may be drawn from the silence of someone who may be expected to

speak up in his own defense:

> "When a party has relevant evidence in his control which he fails to produce, that failure gives rise to an inference that the evidence is unfavorable to him." *Int'l Union, United Automobile, Aerospace and Agric. Implement Workers of Am. (U.A.W.) v. N.L.R.B.,* 459 F.2d 1329, 1336 (1972), citing 2 J. Wigmore, Evidence § 285 (3d ed. 1940); see also *Evis Mfg. Co. v. F.T.C.*, 287 F.2d 831, 847 (9th Cir.1961); 31A C.J.S. Evidence § 167 (2007). The adverse inference rule is a "generally accepted principle of law." *Smith v. United States,* 128 F.Supp.2d 1227, 1232 (E.D.Ark.2000) [citing, *inter alia, Welsh v. United States*, 844 F.2d 1239, 1246 (6th Cir. 1988)].
>
> *Singh v. Gonzales*, 491 F. 3d 1019 at 1024, (9th Cir. 2007)

Unlike some of the cases involved above, this is not a case of missing physical evidence

that might have been destroyed inadvertently; it is a case of a willful decision not to testify. The

Levinsons had a full and fair opportunity to present a defense, if they had one. Giving the

Levinsons yet another opportunity to deny the undeniable would be a waste of judicial resources

and Gewant's time, effort, and money (as well as their own; money that should rightfully go to

Gewant toward the satisfaction of the judgment).

> Empty chair doctrine is a legal principle which says that if a party does not produce a witness who is within its power to produce and who should have been produced, the judge may instruct the jury to infer that the witness's evidence is unfavorable to the party's case. According to this doctrine, lawyers may comment

on the absence of a prospective opposing witness and judges may invite the jury
to draw adverse inferences from that lack of evidence.

Empty-Chair Doctrine Law and Legal Definition

https://definitions.uslegal.com/e/empty-chair-doctrine/

For what possible reason would the defendants' attorney appear at trial *without bringing
his own clients*? Only because *no truthful testimony by them could have helped their case more
than it would hurt it*. Again, the Defendants' absence at trial came after more than a year of
litigation in which the Defendants or their counsel appeared at every hearing. It was only after
they saw that it was a lost cause, that the defendants decided not to testify at their own trial.

## G.  INFORMAL REQUEST PURSUANT TO FRCP 11(c)(3)

At his advanced age, and lacking representation in this case, Gewant lacks the resources
to bring a Rule 11 motion. However, in view of the Levinsons' many clearly false factual
allegations and baseless legal arguments, which forced Gewant to spend scores of intense work
hours and more than $1000 in costs and fees that he should not have had to spend to defend his
judgments, Gewant respectfully requests that the Court consider issuing a show cause order
against the Levinsons and their counsel pursuant to FRCP 11(c)(3): "(3) On the Court's
Initiative. On its own, the court may order an attorney, law firm, or party to show cause why
conduct specifically described in the order has not violated Rule 11(b)." The Levinsons' bad-
faith mediation and MSJ filing had an improper purpose: to raise Gewant's costs and attempt to
get him to give up on the case. Such a purpose is impermissible regardless of any merits that the
MSJ might have had.

Additionally, Gewant urges the Court to consider recommending to the appropriate authorities that rules be established to eliminate, or at least clearly and publicly disclose, conflicts of interest between mediators and litigants. The Levinsons' mediator had worked with Levinsons' attorney Hagen for more than three decades. Hagen disclosed that to Gewant in advance of the mediation, but Gewant decided to trust in the mediator's integrity and neutrality. The mediator aggressively pushed the Levinsons' agenda, supporting them in their position that they should be entitled to a 96% reduction in the amount owed. Gewant disappointed them by offering only a 70% reduction. In view of Gewant's generous offer and the strength of his legal position, this case should not have gone beyond mediation.

The waste of judicial and judgment enforcement resources caused by the conduct of Defendants and their agents should be billed to them. And that should happen without Gewant having to take the lead and spend even *more* resources.

### H. CONCLUSION

The "controlling facts" are clearly evident from the record, including the state court Complaint and trial Minutes, as are "the evidence adduced" and the "legal conclusions … reached at trial". The record meets all the tests required under caselaw. It would be manifestly unjust not to let the state court judgment stand, along with all accrued interest remaining unpaid. Bankruptcy relief is not intended for, or available to, dishonest debtors. This Court is bound by the evidence and the law to find summarily that the non-dischargeability of the Levinsons' debt to Gewant has already been proven by the preponderance of the evidence.

1    WHEREFORE, Plaintiff Dennis Gewant requests summary judgment as to all issues

2  against the Defendants Richard Irving Levinson and Lisa Marie Levinson on the Sole Cause of

3  Action as follows:

4

5    A. That this Court issue detailed Findings of Fact and Conclusions of Law determining that

6       the debt of the Levinsons represented by the judgments referred to above, and the

7       judgments themselves, are nondischargeable, fully enforceable, and have continued and

8       will continue to accrue interest at the original interest rates;

9

10

11   B. That Gewant be awarded his costs of suit as allowed by law;

12   C. That Gewant be awarded any attorney fees incurred as allowed by law;

13

14   D. For such other and further relief as the Court deems just and proper.

15

16  Dated this _21_ day of April, 2023.

17

18  Respectfully submitted,

19

20

21  Dennis Gewant

22  Plaintiff/Judgment Creditor/Assignee of Record

23

24

25

26

27

28              PLAINTIFF DENNIS GEWANT'S MOTION FOR SUMMARY JUDGMENT

                                    22

# STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

Dennis Gewant DBA Atlas Judgment Recovery
269 S Beverly Dr, Ste 102, Beverly Hills, CA 90212
Tel: 310-276-4900 / Fax: 310-273-6432
Email: atlasjudgmentrecovery@gmail.com
Assignee of Record, Creditor, and Plaintiff, Pro Se

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

| | |
|---|---|
| In re Richard Irving Levinson and Lisa Marie Levinson, | Case No.: 2:22-BK-15330-WB |
| | Chapter 7 Proceeding |
| Debtors | Adv. Proc. No. 2:22-AP-01218-WB |
| | DC NO.: DG-2 |
| Dennis Gewant DBA Atlas Judgment Recovery, | |
| Plaintiff, | **PLAINTIFF DENNIS GEWANT'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW** |
| v. | |
| Richard Irving Levinson and Lisa Marie Levinson, | Filed concurrently with Motion for Summary Judgment |
| Defendants | |

### STATEMENT OF UNCONTROVERTED FACTS

Plaintiff Dennis Gewant ("Gewant") herein submits his Statement of Uncontroverted Facts and Conclusions of Law, submitted concurrently with his filing of a Motion for Summary Judgment in the above-captioned adversary proceeding.

1. The debtors herein, Richard and Lisa Levinson were sued in Los Angeles Superior Court under case number BC 230085 on May 16, 2000 by Jay Herzog. Complaint, DE #1, Exhibit 5.

2. The state court complaint contained six causes of action: 1) breach of contract, 2) money lent; 3) money had and received; 4) fraud; 5) account stated and 6) unfair business practices under California Business and Professions Code sections 17200 and 17500. Complaint, Exhibit 5, page 1 of 16.

3. The matter went to trial in the Superior Court on or about July 17, 2001.  Trial minutes, Complaint, Exhibit 8.

4. Herzog appeared at trial and testified. Three exhibits, including a one-page invoice documenting a single transaction that included two types of products, a check and a corporate authorization were introduced into evidence.  *Id.*

5. A judgment in the Superior Court action, after trial, was entered on August 14, 2001. The Court's minute order indicates that Herzog was sworn in and testified on his own behalf, and judgment entered on all counts. *Id.*, and State Court judgment, Complaint Exhibit 1].

6. Long after judgment was entered, Herzog assigned the judgment to Gewant's Corporation, which later assigned it to Gewant personally. Accordingly, Gewant is the successor-in-interest to the claims that were subsumed into the state court judgment in favor of Jay Herzog, and accordingly the legitimate current judgment creditor as to both the California

and New Hampshire state court judgments and their underlying debt.  Acknowledgments of

assignment of judgment, Exhibits 3 and 4 to the Complaint.

7. As of the last renewal on June 24, 2020, the amount due and owing was $518,251.59.

Complaint, Exhibit 10, p. 1.

8. Through his corporation and personally, under the authority of two different writs of

execution in California, Gewant has collected $109,743.04 toward the satisfaction of the

judgment. MSJ Ex. 1, LASD Disbursement Record. Gewant personally returned the check for

$288 that was allegedly "disbursed to" Gewant (*id.*, p. 16) in response to the Levinsons'

bankruptcy filing. The current "Amount To Satisfy" was $664,300.29 as of April 20, 2023, but

that number should be increased by the $288. During the writing of this Motion, Gewant

discovered the above inaccuracy and contacted LASD to try to get the figures corrected. Aside

from this $288 discrepancy, and despite the disclaimer at the top of pages 1 and 16, Gewant is

inclined to trust the Sheriff's records over his own records. Gewant has requested from LASD

an official version of Exhibit 1 and will supplement this filing with it shortly after receiving it.

In addition to what was collected through LASD, Gewant was paid $4500 by Richard

Levinson directly, in three separate payments during the summer of 2022 in compliance with a

New Hampshire court order. Since those payments did not go through LASD, that agency does

not know about those payments and did not take them into account. The total amount recovered

thus becomes very close to the approximate $120,000 number urged by the Levinsons in their

MSJ. Whatever is not supported by documents referenced in this paragraph and the preceding

one, is supported by the Declaration of Dennis Gewant.

9. The Levinsons filed chapter 7. Gewant timely filed his nondischargeability complaint

contending that the California state court judgment, its New Hampshire sister state counterpart,

and the debt underlying both judgments should be declared nondischargeable by virtue of res

judicata and collateral estoppel. Complaint, paragraphs 4, 6-8, and 17.

10. The state court judgment included treble damages on causes of action asserted under

California Business and Professions Code Sections 17200 and 17500, and costs in the amount

of $16,317. Attorney fees were not mentioned in the judgment.  Judgment, Plaintiff's

Complaint, Exhibit 1, page 2.

11. The following facts are copied directly from paragraphs 20-24 of the Complaint:

a) The Levinsons engaged in misrepresentation, fraudulent omission and/or
deceptive conduct as well as unfair business practices, a codified form of fraud
under the California Business and Professions Code, toward Texlink
International, Inc., the assignor and predecessor-in-interest to Jay Herzog, the
plaintiff and original judgment creditor, and assignor of the judgment ultimately
to Gewant.

b) The Levinsons had knowledge of the falsity or deceptiveness of their statements
and/or conduct.

c) In making those statements and or engaging in that conduct, the Levinsons
intended to deceive Texlink International, Inc.

d). Texlink International, Inc. justifiably relied on the Levinsons' statements and/or
conduct.

e). Texlink International, Inc. was damaged and that damage was proximately
caused by its reliance on the Levinsons' statements and/or conduct.

The facts stated that in the above five subparagraphs are supported by the original state court complaint, Ex. 5 to the Complaint in this proceeding; the Minutes of Trial in the state court case (including the statement attesting to testimony having been given by Jay Herzog, combined with the lack of testimony or even presence on the part of the Levinsons), Ex. 8 to the Complaint; the California state court judgment, Ex. 1 to the Complaint; and the lack of any motion for reconsideration or appeal of the Levinsons; state court register of actions taken as a whole, Ex. 9 to the Complaint.

**CONCLUSIONS OF LAW**

1. Gewant's Complaint was filed timely, and he had standing to file it.

2. The California and New Hampshire state court judgments are final.

3. No applicable law requires the existence of a document called Findings of Fact and Conclusions of law, for issue preclusion, collateral estoppel, and res judicata to apply.

4. The California state court record make the issues decided and facts adduced sufficiently clear to meet the elements of fraud: (1) misrepresentation of a material fact; (2) knowledge of the falsity of the representation; (3) intent to induce reliance; (4) justifiable reliance; and (5) damages.

5. The California state court record make the issues decided and facts adduced sufficiently clear for issue preclusion, collateral estoppel, and res judicata to apply: (1) the issue

"must be identical to that decided in a former proceeding"; (2) it "must have been actually litigated in the former proceeding"; (3) it "must have been necessarily decided in the former proceeding"; (4) "the decision in the former proceeding must be final and on the merits"; (5) "the party against whom preclusion is sought must be the same as, or in privity with, the party to the former proceeding"; and (6) application of issue preclusion must be consistent with the public policies of "preservation of the integrity of the judicial system, promotion of judicial economy, and protection of litigants from harassment by vexatious litigation."

6. Judgment in favor of Gewant as prayed for is supported by the preponderance of the evidence.

# DECLARATION OF DENNIS GEWANT

Dennis Gewant DBA Atlas Judgment Recovery
269 S Beverly Dr, Ste 102, Beverly Hills, CA 90212
Tel: 310-276-4900 / Fax: 310-273-6432
Email: atlasjudgmentrecovery@gmail.com
Assignee of Record, Creditor, and Plaintiff, Pro Se

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

| | |
|---|---|
| In re Richard Irving Levinson and Lisa Marie Levinson,<br><br>Debtors | Case No.: 2:22-BK-15330-WB<br>Chapter 7 Proceeding<br>Adv. Proc. No. 2:22-AP-01218-WB |
|     Dennis Gewant DBA Atlas Judgment Recovery,<br><br>    Plaintiff,<br><br>    v.<br><br>Richard Irving Levinson and Lisa Marie Levinson,<br><br>    Defendants | **DECLARATION OF DENNIS GEWANT**<br><br>Date/Time: June 6, 2023, 2:00 PM<br>Courtroom: 1375<br>Judge: Hon. Julia W. Brand<br><br>Filed concurrently with Motion for Summary Judgment |

    I am the judgment creditor and assignee of the judgments and underlying debt whose dischargeability is being disputed in the above-entitled action. I am over the age of 18 years and competent to make this Declaration. If called upon as a witness, I could and would competently testify to the matters set forth herein. I make this Declaration in support of my Motion for Summary Judgment.

DECLARATION OF DENNIS GEWANT

1

As an assignee, I have personal knowledge of the following:

✓ Statements made to me by Assignor and original judgment creditor, Jay Herzog, and his attorney in the underlying state court action, Jeffrey Brynan, concerning the facts of what happened in the case more than 20 years ago; and

✓ The contents of the documents, including exhibits, that I have filed in connection with this Motion, and with all my other filings in this proceeding.

All assertions of fact that I have made in the Motion and the Statement of Uncontroverted Facts are made on information and belief, on the basis of the documents, which in most if not all cases speak for themselves. I have relied little, if at all, on oral statements made to me by Herzog and Brynan.

All of the exhibits to my Motion, and all of the exhibits referred to in it that were filed earlier in this proceeding, are true and correct copies of the documents that they purport to be. By not attaching those exhibits to this Declaration, I am following a rule I saw somewhere to the effect that I am not supposed to upload another copy of documents that have already been filed into the case. The Defendants did not even file a declaration as to the authenticity of the documents they referred to in their Motion for Summary Judgment. I will comply with any request from the Court to provide more specifics on this issue.

I declare under penalty of perjury that the above statements are true.

DECLARATION OF DENNIS GEWANT

2

Signed _____ April 21 _____, 2023 at Beverly Hills, California.

Dennis Gewant

# EXHIBIT 1

**Users are advised that information on this website does not constitute an official record. Further, the Los Angeles County Sheriff's Department and the County of Los Angeles are not liable in any way for any inaccuracy of information published herein.**

This information is current as of 04/19/2023

Last update to this case: 07/27/2021

## HERZOG, JAY v. LEVINSON, LISA

| Overview | Fee Deposits | Collections |
|---|---|---|
| **Case Number**<br>BC230085 | **Received**<br>$65.00 | **Funds Received**<br>$111,375.04 |
| **Sheriff's Office**<br>Los Angeles (Mosk) | **Sheriff Service Fees**<br>$65.00 | **Disbursed to Creditor**<br>$109,743.04 |
| **Court**<br>Los Angeles Superior Court (Los Angeles County Mosk) | **Pending Service Fees**<br>$0.00 | **Most Recent**<br>N/A |
| **Stays**<br>No Stays | **Costs Paid to Vendors**<br>$0.00 | **Pending to Creditor**<br>$0.00 |
| **Last Date For Service**<br>N/A | **Bad Check Fee etc.**<br>$0.00 | **Next Scheduled**<br>N/A |
| **Writ/Accept Amt**<br>$0.00 | **Refund**<br>$0.00 | **Sheriff Fees**<br>$1,632.00 |
| **Amount To Satisfy**<br>$542,405.86 | **Pending Refund**<br>$0.00 | **Pending Sheriff Fees**<br>$0.00 |
| **Interest Per Day**<br>$0.00 | **Balance Available**<br>$0.00 | **Disbursed to Other Parties**<br>$0.00 |
| **Writ Expire Date**<br>07/05/2021 | | **Refunds**<br>$0.00 |
| **Writ Return Date**<br>10/17/2015 | | **Pending Refunds**<br>$0.00 |
| | | **Balance on Hold**<br>$0.00 |

**MSJ Ex. 1, p. 1 of 19**

## Service Details

| Description | Received | Activity | Fee | Serve-On |
|---|---|---|---|---|
| **EARNINGS WITHHOLDING ORD** | 05/13/2014 | 05/14/2014 | $30.00 | BUCHALTER NEMER A PROFESSIONAL LAW CORPORATION ATTN: PAYROLL:SERVED |
| **EXECUTION GARNISHMENT** | 10/10/2014 | 10/22/2014 | $35.00 | CHASE BANK:SERVED |
| **Answer from the party served** | 12/27/2014 | | $0.00 | |

**MSJ Ex. 1, p. 2 of 19**

**Challenges**

There is no Challenge Detail information.

MSJ Ex. 1, p. 3 of 19

## Collections - 417 Transactions

| Activity | Description | Remitter / Payee | Dollars | Effect | Balance |
|---|---|---|---|---|---|
| 06/10/2014 | Collection Received | BUCHALTER NEMBER | $822.30 | Adds | $822.30 |
| 07/05/2014 | Collection Disbursed to Creditor Check 0020450332 | ATLAS JUDGMENT RECOVERY CORP. | $810.30 | Subtracts | $12.00 |
| 07/05/2014 | Disbursement Processing Fee | | $12.00 | Subtracts | $0.00 |
| 06/16/2014 | Collection Received | BUCHALTER NEMER | $772.72 | Adds | $772.72 |
| 07/12/2014 | Collection Disbursed to Creditor Check 0020485799 | ATLAS JUDGMENT RECOVERY CORP. | $760.72 | Subtracts | $12.00 |
| 07/12/2014 | Disbursement Processing Fee | | $12.00 | Subtracts | $0.00 |
| 07/07/2014 | Collection Received | BUCHALTER NEMER | $780.55 | Adds | $780.55 |
| 08/05/2014 | Collection Disbursed to Creditor Check 0020599953 | ATLAS JUDGMENT RECOVERY CORP. | $768.55 | Subtracts | $12.00 |
| 08/05/2014 | Disbursement Processing Fee | | $12.00 | Subtracts | $0.00 |
| 07/16/2014 | Collection Received | BUCHALTER NEMER | $746.63 | Adds | $746.63 |
| 08/15/2014 | Collection Disbursed to Creditor Check 0020650754 | ATLAS JUDGMENT RECOVERY CORP. | $734.63 | Subtracts | $12.00 |
| 08/15/2014 | Disbursement Processing Fee | | $12.00 | Subtracts | $0.00 |
| 08/04/2014 | Collection Received | BUCHALTER NEMER | $759.68 | Adds | $759.68 |
| 08/30/2014 | Collection Disbursed to Creditor Check 0020722842 | ATLAS JUDGMENT RECOVERY CORP. | $747.68 | Subtracts | $12.00 |
| 08/30/2014 | Disbursement Processing Fee | | $12.00 | Subtracts | $0.00 |
| 08/18/2014 | Collection Received | BUCHALTER NEMER | $809.25 | Adds | $809.25 |
| 09/13/2014 | Collection Disbursed to Creditor Check 0020786532 | ATLAS JUDGMENT RECOVERY CORP. | $797.25 | Subtracts | $12.00 |
| 09/13/2014 | Disbursement Processing Fee | | $12.00 | Subtracts | $0.00 |
| 09/02/2014 | Collection Received | BUCHALTER NEMER | $764.89 | Adds | $764.89 |
| 10/04/2014 | Collection Disbursed to Creditor Check 0020882586 | ATLAS JUDGMENT RECOVERY CORP. | $752.89 | Subtracts | $12.00 |
| 10/04/2014 | Disbursement Processing Fee | | $12.00 | Subtracts | $0.00 |
| 09/16/2014 | Collection Received | BUCHALTER NEMER | $775.33 | Adds | $775.33 |
| 10/11/2014 | Collection Disbursed to Creditor Check 0020917907 | ATLAS JUDGMENT RECOVERY CORP. | $763.33 | Subtracts | $12.00 |
| 10/11/2014 | Disbursement Processing Fee | | $12.00 | Subtracts | $0.00 |
| 10/02/2014 | Collection Received | BUCHALTER NEMER | $767.50 | Adds | $767.50 |
| 10/18/2014 | Collection Disbursed to Creditor | CANCELLED 755.50 | $0.00 | Cancelled | $767.50 |
| 10/18/2014 | Disbursement Processing Fee | DPF CANCELLED 12.00 | $0.00 | Cancelled | $767.50 |
| 10/16/2014 | Collection Received | BUCHALTER NEMER | $762.28 | Adds | $1,529.78 |
| 10/18/2014 | Collection Disbursed to Creditor | CANCELLED 750.28 | $0.00 | Cancelled | $1,529.78 |
| 10/18/2014 | Disbursement Processing Fee | DPF CANCELLED 12.00 | $0.00 | Cancelled | $1,529.78 |
| 11/08/2014 | Collection Disbursed to Creditor Check 0021053131 | ATLAS JUDGMENT RECOVERY CORP. | $755.50 | Subtracts | $774.28 |
| 11/08/2014 | Disbursement Processing Fee | | $12.00 | Subtracts | $762.28 |
| 11/08/2014 | Collection Disbursed to Creditor Check 0021053132 | ATLAS JUDGMENT RECOVERY CORP. | $750.28 | Subtracts | $12.00 |
| 11/08/2014 | Disbursement Processing Fee | | $12.00 | Subtracts | $0.00 |
| 11/10/2014 | Collection Received | JPMORGAN CHASE BANK, N.A. | $528.13 | Adds | $528.13 |
| 12/06/2014 | Collection Disbursed to Creditor Check 0021178539 | ATLAS JUDGMENT RECOVERY CORP. | $516.13 | Subtracts | $12.00 |
| 12/06/2014 | Disbursement Processing Fee | | $12.00 | Subtracts | $0.00 |
| 01/05/2015 | Collection Received | BUCHALTER NEMER | $287.77 | Adds | $287.77 |
| 01/31/2015 | Collection Disbursed to Creditor Check 0021429044 | ATLAS JUDGMENT RECOVERY CORP. | $275.77 | Subtracts | $12.00 |
| 01/31/2015 | Disbursement Processing Fee | | $12.00 | Subtracts | $0.00 |
| 01/16/2015 | Collection Received | BUCHALTER NEMER | $765.35 | Adds | $765.35 |
| 02/14/2015 | Collection Disbursed to Creditor | ATLAS JUDGMENT RECOVERY CORP. | $753.35 | Subtracts | $12.00 |

**MSJ Ex. 1, p. 4 of 19**

| | | | | | |
|---|---|---|---|---|---|
| | Check 0021497444 | | | | |
| 02/14/2015 | Disbursement Processing Fee | | $12.00 | Subtracts | $0.00 |
| 02/02/2015 | Collection Received | BUCHALTER NEMER | $790.78 | Adds | $790.78 |
| 02/28/2015 | Collection Disbursed to Creditor Check 0021563368 | ATLAS JUDGMENT RECOVERY CORP. | $778.78 | Subtracts | $12.00 |
| 02/28/2015 | Disbursement Processing Fee | | $12.00 | Subtracts | $0.00 |
| 02/19/2015 | Collection Received | BUCHALTER NEMER | $764.74 | Adds | $764.74 |
| 03/14/2015 | Collection Disbursed to Creditor Check 21626327 issued on Mar 16, 2015, paid on Mar 23, 2015 | ATLAS JUDGMENT RECOVERY CORP. | $752.74 | Subtracts | $12.00 |
| 03/14/2015 | Disbursement Processing Fee | | $12.00 | Subtracts | $0.00 |
| 03/02/2015 | Collection Received | BUCHALTER NEMER | $805.96 | Adds | $805.96 |
| 03/23/2015 | Collection Disbursed to Creditor Check 21672979 issued on Mar 25, 2015 | ATLAS JUDGMENT RECOVERY CORP. | $793.96 | Subtracts | $12.00 |
| 03/23/2015 | Disbursement Processing Fee | | $12.00 | Subtracts | $0.00 |
| 03/16/2015 | Collection Received | BUCHALTER NEMER | $790.78 | Adds | $790.78 |
| 04/10/2015 | Collection Disbursed to Creditor Check 21754273 issued on Apr 13, 2015 | ATLAS JUDGMENT RECOVERY CORP. | $778.78 | Subtracts | $12.00 |
| 04/10/2015 | Disbursement Processing Fee | | $12.00 | Subtracts | $0.00 |
| 04/03/2015 | Collection Received | BUCHALTER NEMER | $831.27 | Adds | $831.27 |
| 04/25/2015 | Collection Disbursed to Creditor Check 21819711 issued on Apr 27, 2015, paid on May 1, 2015 | ATLAS JUDGMENT RECOVERY CORP. | $819.27 | Subtracts | $12.00 |
| 04/25/2015 | Disbursement Processing Fee | | $12.00 | Subtracts | $0.00 |
| 04/17/2015 | Collection Received | BUCHALTER NEMER | $743.84 | Adds | $743.84 |
| 05/09/2015 | Collection Disbursed to Creditor Check 21879849 issued on May 11, 2015, paid on May 15, 2015 | ATLAS JUDGMENT RECOVERY CORP. | $731.84 | Subtracts | $12.00 |
| 05/09/2015 | Disbursement Processing Fee | | $12.00 | Subtracts | $0.00 |
| 05/04/2015 | Collection Received | BUCHALTER NEMER | $775.19 | Adds | $775.19 |
| 05/30/2015 | Collection Disbursed to Creditor Check 21974080 issued on Jun 1, 2015, paid on Jun 5, 2015 | ATLAS JUDGMENT RECOVERY CORP. | $763.19 | Subtracts | $12.00 |
| 05/30/2015 | Disbursement Processing Fee | | $12.00 | Subtracts | $0.00 |
| 05/18/2015 | Collection Received | BUCHALTER NEMER | $759.51 | Adds | $759.51 |
| 06/12/2015 | Collection Disbursed to Creditor Check 22044656 issued on Jun 15, 2015, paid on Jun 19, 2015 | ATLAS JUDGMENT RECOVERY CORP. | $747.51 | Subtracts | $12.00 |
| 06/12/2015 | Disbursement Processing Fee | | $12.00 | Subtracts | $0.00 |
| 06/03/2015 | Collection Received | BUCHALTER NEMER | $730.78 | Adds | $730.78 |
| 06/27/2015 | Collection Disbursed to Creditor Check 22118551 issued on Jun 29, 2015, paid on Jul 3, 2015 | ATLAS JUDGMENT RECOVERY CORP. | $718.78 | Subtracts | $12.00 |
| 06/27/2015 | Disbursement Processing Fee | | $12.00 | Subtracts | $0.00 |
| 06/18/2015 | Collection Received | BUCHALTER NEMER | $746.01 | Adds | $746.01 |
| 07/11/2015 | Collection Disbursed to Creditor Check 22173699 issued on Jul 13, 2015, paid on Jul 17, 2015 | ATLAS JUDGMENT RECOVERY CORP. | $734.01 | Subtracts | $12.00 |
| 07/11/2015 | Disbursement Processing Fee | | $12.00 | Subtracts | $0.00 |
| 07/03/2015 | Collection Received | BUCHALTER NEMER | $751.68 | Adds | $751.68 |
| 07/25/2015 | Collection Disbursed to Creditor Check 22242366 issued on Jul 27, 2015, paid on Jul 31, 2015 | ATLAS JUDGMENT RECOVERY CORP. | $739.68 | Subtracts | $12.00 |
| 07/25/2015 | Disbursement Processing Fee | | $12.00 | Subtracts | $0.00 |
| 07/20/2015 | Collection Received | BUCHALTER NEMER | $712.48 | Adds | $712.48 |
| 08/10/2015 | Collection Disbursed to Creditor Check 22311799 issued on Aug 12, 2015, paid on Aug 17, 2015 | ATLAS JUDGMENT RECOVERY CORP. | $700.48 | Subtracts | $12.00 |
| 08/10/2015 | Disbursement Processing Fee | | $12.00 | Subtracts | $0.00 |

**MSJ Ex. 1, p. 5 of 19**

| Date | Description | Creditor | Amount | Type | Balance |
|---|---|---|---|---|---|
| 08/03/2015 | Collection Received | BUCHALTER NEMER | $762.13 | Adds | $762.13 |
| 08/29/2015 | Collection Disbursed to Creditor Check 22392232 issued on Aug 31, 2015, paid on Sep 3, 2015 | ATLAS JUDGMENT RECOVERY CORP. | $750.13 | Subtracts | $12.00 |
| 08/29/2015 | Disbursement Processing Fee | | $12.00 | Subtracts | $0.00 |
| 08/17/2015 | Collection Received | BUCHALTER NEMER | $741.23 | Adds | $741.23 |
| 09/12/2015 | Collection Disbursed to Creditor Check 22448671 issued on Sep 14, 2015, paid on Sep 17, 2015 | ATLAS JUDGMENT RECOVERY CORP. | $729.23 | Subtracts | $12.00 |
| 09/12/2015 | Disbursement Processing Fee | | $12.00 | Subtracts | $0.00 |
| 09/02/2015 | Collection Received | BUCHALTER NEMER | $756.90 | Adds | $756.90 |
| 09/26/2015 | Collection Disbursed to Creditor Check 22508180 issued on Sep 28, 2015, paid on Oct 2, 2015 | ATLAS JUDGMENT RECOVERY CORP. | $744.90 | Subtracts | $12.00 |
| 09/26/2015 | Disbursement Processing Fee | | $12.00 | Subtracts | $0.00 |
| 09/17/2015 | Collection Received | BUCHALTER NEMER | $751.68 | Adds | $751.68 |
| 10/10/2015 | Collection Disbursed to Creditor Check 22564199 issued on Oct 13, 2015, paid on Oct 19, 2015 | ATLAS JUDGMENT RECOVERY CORP. | $739.68 | Subtracts | $12.00 |
| 10/10/2015 | Disbursement Processing Fee | | $12.00 | Subtracts | $0.00 |
| 10/02/2015 | Collection Received | BUCHALTER NEMER | $1,064.00 | Adds | $1,064.00 |
| 10/17/2015 | Collection Disbursed to Creditor | CANCELLED 1052.00 | $0.00 | Cancelled | $1,064.00 |
| 10/17/2015 | Disbursement Processing Fee | DPF CANCELLED 12.00 | $0.00 | Cancelled | $1,064.00 |
| 10/24/2015 | Collection Disbursed to Creditor Check 22632397 issued on Oct 26, 2015, paid on Nov 2, 2015 | ATLAS JUDGMENT RECOVERY CORP. | $1,052.00 | Subtracts | $12.00 |
| 10/24/2015 | Disbursement Processing Fee | | $12.00 | Subtracts | $0.00 |
| 10/19/2015 | Collection Received | BUCHALTER NEMER | $771.62 | Adds | $771.62 |
| 11/09/2015 | Collection Disbursed to Creditor Check 22699817 issued on Nov 12, 2015, paid on Nov 18, 2015 | ATLAS JUDGMENT RECOVERY CORP. | $759.62 | Subtracts | $12.00 |
| 11/09/2015 | Disbursement Processing Fee | | $12.00 | Subtracts | $0.00 |
| 11/02/2015 | Collection Received | BUCHALTER NEMER | $758.45 | Adds | $758.45 |
| 11/23/2015 | Collection Disbursed to Creditor Check 22757054 issued on Nov 25, 2015, paid on Dec 3, 2015 | ATLAS JUDGMENT RECOVERY CORP. | $746.45 | Subtracts | $12.00 |
| 11/23/2015 | Disbursement Processing Fee | | $12.00 | Subtracts | $0.00 |
| 11/16/2015 | Collection Received | BUCHALTER NEMER | $833.07 | Adds | $833.07 |
| 12/12/2015 | Collection Disbursed to Creditor Check 22826531 issued on Dec 14, 2015, paid on Dec 18, 2015 | ATLAS JUDGMENT RECOVERY CORP. | $821.07 | Subtracts | $12.00 |
| 12/12/2015 | Disbursement Processing Fee | | $12.00 | Subtracts | $0.00 |
| 12/04/2015 | Collection Received | BUCHALTER NEMER | $772.04 | Adds | $772.04 |
| 01/02/2016 | Collection Disbursed to Creditor Check 22906582 issued on Jan 4, 2016, paid on Jan 7, 2016 | ATLAS JUDGMENT RECOVERY CORP. | $760.04 | Subtracts | $12.00 |
| 01/02/2016 | Disbursement Processing Fee | | $12.00 | Subtracts | $0.00 |
| 12/18/2015 | Collection Received | BUCHALTER NEMER | $763.87 | Adds | $763.87 |
| 01/09/2016 | Collection Disbursed to Creditor Check 22938413 issued on Jan 11, 2016, paid on Jan 14, 2016 | ATLAS JUDGMENT RECOVERY CORP. | $751.87 | Subtracts | $12.00 |
| 01/09/2016 | Disbursement Processing Fee | | $12.00 | Subtracts | $0.00 |
| 01/13/2016 | Collection Received | BUCHALTER NEMER | $761.60 | Adds | $761.60 |
| 02/06/2016 | Collection Disbursed to Creditor Check 23059352 issued on Feb 8, 2016, paid on Feb 12, 2016 | ATLAS JUDGMENT RECOVERY CORP. | $749.60 | Subtracts | $12.00 |
| 02/06/2016 | Disbursement Processing Fee | | $12.00 | Subtracts | $0.00 |
| 01/19/2016 | Collection Received | BUCHALTER NEMER | $829.60 | Adds | $829.60 |
| 02/13/2016 | Collection Disbursed to Creditor Check 23091996 issued on Feb 16, 2016, | ATLAS JUDGMENT RECOVERY CORP. | $817.60 | Subtracts | $12.00 |

paid on Feb 22, 2016

| 02/13/2016 | Disbursement Processing Fee | | $12.00 | Subtracts | $0.00 |
|---|---|---|---|---|---|
| 02/03/2016 | Collection Received | BUCHALTER NEMER | $774.56 | Adds | $774.56 |
| 02/27/2016 | Collection Disbursed to Creditor Check 23153934 issued on Feb 29, 2016 | ATLAS JUDGMENT RECOVERY CORP. | $762.56 | Subtracts | $12.00 |
| 02/27/2016 | Disbursement Processing Fee | | $12.00 | Subtracts | $0.00 |
| 02/18/2016 | Collection Received | BUCHALTER NEMER | $758.26 | Adds | $758.26 |
| 03/12/2016 | Collection Disbursed to Creditor Check 23213764 issued on Mar 14, 2016, paid on Mar 17, 2016 | ATLAS JUDGMENT RECOVERY CORP. | $746.26 | Subtracts | $12.00 |
| 03/12/2016 | Disbursement Processing Fee | | $12.00 | Subtracts | $0.00 |
| 03/07/2016 | Collection Received | BUCHALTER NEMER | $766.41 | Adds | $766.41 |
| 04/02/2016 | Collection Disbursed to Creditor Check 23301411 issued on Apr 4, 2016, paid on Apr 7, 2016 | ATLAS JUDGMENT RECOVERY CORP. | $754.41 | Subtracts | $12.00 |
| 04/02/2016 | Disbursement Processing Fee | | $12.00 | Subtracts | $0.00 |
| 03/17/2016 | Collection Received | BUCHALTER NEMER | $763.69 | Adds | $763.69 |
| 04/09/2016 | Collection Disbursed to Creditor Check 23333993 issued on Apr 11, 2016, paid on Apr 18, 2016 | ATLAS JUDGMENT RECOVERY CORP. | $751.69 | Subtracts | $12.00 |
| 04/09/2016 | Disbursement Processing Fee | | $12.00 | Subtracts | $0.00 |
| 04/06/2016 | Collection Received | BUCHALTER NEMER | $736.51 | Adds | $736.51 |
| 04/30/2016 | Collection Disbursed to Creditor Check 23426034 issued on May 2, 2016, paid on May 5, 2016 | ATLAS JUDGMENT RECOVERY CORP. | $724.51 | Subtracts | $12.00 |
| 04/30/2016 | Disbursement Processing Fee | | $12.00 | Subtracts | $0.00 |
| 04/18/2016 | Collection Received | BUCHALTER NEMER | $739.24 | Adds | $739.24 |
| 05/09/2016 | Collection Disbursed to Creditor Check 23468123 issued on May 11, 2016, paid on May 16, 2016 | ATLAS JUDGMENT RECOVERY CORP. | $727.24 | Subtracts | $12.00 |
| 05/09/2016 | Disbursement Processing Fee | | $12.00 | Subtracts | $0.00 |
| 05/02/2016 | Collection Received | BUCHALTER NEMER | $744.67 | Adds | $744.67 |
| 06/03/2016 | Collection Disbursed to Creditor Check 23570223 issued on Jun 6, 2016, paid on Jun 10, 2016 | ATLAS JUDGMENT RECOVERY CORP. | $732.67 | Subtracts | $12.00 |
| 06/03/2016 | Disbursement Processing Fee | | $12.00 | Subtracts | $0.00 |
| 05/19/2016 | Collection Received | BUCHALTER NEMER | $750.11 | Adds | $750.11 |
| 06/24/2016 | Collection Disbursed to Creditor Check 23668766 issued on Jun 27, 2016, paid on Jun 30, 2016 | ATLAS JUDGMENT RECOVERY CORP. | $738.11 | Subtracts | $12.00 |
| 06/24/2016 | Disbursement Processing Fee | | $12.00 | Subtracts | $0.00 |
| 06/03/2016 | Collection Received | BUCHALTER NEMER | $758.26 | Adds | $758.26 |
| 07/06/2016 | Collection Disbursed to Creditor Check 23715705 issued on Jul 8, 2016, paid on Jul 13, 2016 | ATLAS JUDGMENT RECOVERY CORP. | $746.26 | Subtracts | $12.00 |
| 07/06/2016 | Disbursement Processing Fee | | $12.00 | Subtracts | $0.00 |
| 06/20/2016 | Collection Received | BUCHALTER NEMER | $760.97 | Adds | $760.97 |
| 07/16/2016 | Collection Disbursed to Creditor Check 23753336 issued on Jul 18, 2016, paid on Jul 21, 2016 | ATLAS JUDGMENT RECOVERY CORP. | $748.97 | Subtracts | $12.00 |
| 07/16/2016 | Disbursement Processing Fee | | $12.00 | Subtracts | $0.00 |
| 07/08/2016 | Collection Received | BUCHALTER NEMER | $758.26 | Adds | $758.26 |
| 07/30/2016 | Collection Disbursed to Creditor Check 23809244 issued on Aug 1, 2016, paid on Aug 5, 2016 | ATLAS JUDGMENT RECOVERY CORP. | $746.26 | Subtracts | $12.00 |
| 07/30/2016 | Disbursement Processing Fee | | $12.00 | Subtracts | $0.00 |
| 07/18/2016 | Collection Received | BUCHALTER NEMER | $796.30 | Adds | $796.30 |
| 08/08/2016 | Collection Disbursed to Creditor Check 23846307 issued on Aug 10, 2016, paid on Aug 15, 2016 | ATLAS JUDGMENT RECOVERY CORP. | $784.30 | Subtracts | $12.00 |

**MSJ Ex. 1, p. 7 of 19**

| 08/08/2016 | Disbursement Processing Fee | | $12.00 | Subtracts | $0.00 |
| 08/04/2016 | Collection Received | BUCHALTER NEMER | $760.97 | Adds | $760.97 |
| 08/29/2016 | Collection Disbursed to Creditor Check 23934015 issued on Aug 31, 2016, paid on Sep 6, 2016 | ATLAS JUDGMENT RECOVERY CORP. | $748.97 | Subtracts | $12.00 |
| 08/29/2016 | Disbursement Processing Fee | | $12.00 | Subtracts | $0.00 |
| 08/17/2016 | Collection Received | BUCHALTER NEMER | $777.28 | Adds | $777.28 |
| 09/14/2016 | Collection Disbursed to Creditor Check 23996082 issued on Sep 16, 2016, paid on Sep 20, 2016 | ATLAS JUDGMENT RECOVERY CORP. | $765.28 | Subtracts | $12.00 |
| 09/14/2016 | Disbursement Processing Fee | | $12.00 | Subtracts | $0.00 |
| 09/06/2016 | Collection Received | BUCHALTER NEMER | $758.25 | Adds | $758.25 |
| 09/30/2016 | Collection Disbursed to Creditor Check 24063528 issued on Oct 3, 2016, paid on Oct 7, 2016 | ATLAS JUDGMENT RECOVERY CORP. | $746.25 | Subtracts | $12.00 |
| 09/30/2016 | Disbursement Processing Fee | | $12.00 | Subtracts | $0.00 |
| 09/19/2016 | Collection Received | BUCHALTER NEMER | $831.56 | Adds | $831.56 |
| 10/22/2016 | Collection Disbursed to Creditor Check 24149487 issued on Oct 24, 2016, paid on Oct 27, 2016 | ATLAS JUDGMENT RECOVERY CORP. | $819.56 | Subtracts | $12.00 |
| 10/22/2016 | Disbursement Processing Fee | | $12.00 | Subtracts | $0.00 |
| 10/05/2016 | Collection Received | BUCHALTER NEMER | $806.69 | Adds | $806.69 |
| 11/05/2016 | Collection Disbursed to Creditor Check 24210184 issued on Nov 7, 2016, paid on Nov 14, 2016 | ATLAS JUDGMENT RECOVERY CORP. | $794.69 | Subtracts | $12.00 |
| 11/05/2016 | Disbursement Processing Fee | | $12.00 | Subtracts | $0.00 |
| 10/19/2016 | Collection Received | BUCHALTER NEMER | $809.42 | Adds | $809.42 |
| 11/17/2016 | Collection Disbursed to Creditor Check 24266556 issued on Nov 21, 2016, paid on Nov 25, 2016 | ATLAS JUDGMENT RECOVERY CORP. | $797.42 | Subtracts | $12.00 |
| 11/17/2016 | Disbursement Processing Fee | | $12.00 | Subtracts | $0.00 |
| 11/04/2016 | Collection Received | BUCHALTER NEMER | $772.90 | Adds | $772.90 |
| 12/03/2016 | Collection Disbursed to Creditor Check 0024318089 | ATLAS JUDGMENT RECOVERY CORP. | $760.90 | Subtracts | $12.00 |
| 12/03/2016 | Disbursement Processing Fee | | $12.00 | Subtracts | $0.00 |
| 11/18/2016 | Collection Received | BUCHALTER NEMER | $781.39 | Adds | $781.39 |
| 12/12/2016 | Collection Disbursed to Creditor Check 24360516 issued on Dec 14, 2016, paid on Dec 20, 2016 | ATLAS JUDGMENT RECOVERY CORP. | $769.39 | Subtracts | $12.00 |
| 12/12/2016 | Disbursement Processing Fee | | $12.00 | Subtracts | $0.00 |
| 12/09/2016 | Collection Received | BUCHALTER NEMER | $778.56 | Adds | $778.56 |
| 01/07/2017 | Collection Disbursed to Creditor Check 24451943 issued on Jan 9, 2017, paid on Jan 13, 2017 | ATLAS JUDGMENT RECOVERY CORP. | $766.56 | Subtracts | $12.00 |
| 01/07/2017 | Disbursement Processing Fee | | $12.00 | Subtracts | $0.00 |
| 12/22/2016 | Collection Received | BUCHALTER NEMER | $770.08 | Adds | $770.08 |
| 01/20/2017 | Collection Disbursed to Creditor Check 24507708 issued on Jan 23, 2017, paid on Jan 27, 2017 | ATLAS JUDGMENT RECOVERY CORP. | $758.08 | Subtracts | $12.00 |
| 01/20/2017 | Disbursement Processing Fee | | $12.00 | Subtracts | $0.00 |
| 01/09/2017 | Collection Received | BUCHALTER NEMER | $787.41 | Adds | $787.41 |
| 01/30/2017 | Collection Disbursed to Creditor Check 24552389 issued on Feb 1, 2017, paid on Feb 7, 2017 | ATLAS JUDGMENT RECOVERY CORP. | $775.41 | Subtracts | $12.00 |
| 01/30/2017 | Disbursement Processing Fee | | $12.00 | Subtracts | $0.00 |
| 01/17/2017 | Collection Received | BUCHALTER NEMER | $804.44 | Adds | $804.44 |
| 02/08/2017 | Collection Disbursed to Creditor Check 24595192 issued on Feb 10, 2017, paid on Feb 15, 2017 | ATLAS JUDGMENT RECOVERY CORP. | $792.44 | Subtracts | $12.00 |
| 02/08/2017 | Disbursement Processing Fee | | $12.00 | Subtracts | $0.00 |

| Date | Description | Creditor | Amount | Type | Balance |
|------|-------------|----------|--------|------|---------|
| 02/08/2017 | Collection Received | BUCHALTER NEMER | $801.49 | Adds | $801.49 |
| 03/04/2017 | Collection Disbursed to Creditor Check 24692327 issued on Mar 6, 2017, paid on Mar 10, 2017 | ATLAS JUDGMENT RECOVERY CORP. | $789.49 | Subtracts | $12.00 |
| 03/04/2017 | Disbursement Processing Fee | | $12.00 | Subtracts | $0.00 |
| 02/21/2017 | Collection Received | BUCHALTER NEMER | $257.89 | Adds | $257.89 |
| 03/21/2017 | Collection Disbursed to Creditor Check 24770731 issued on Mar 23, 2017, paid on Mar 28, 2017 | ATLAS JUDGMENT RECOVERY CORP. | $245.89 | Subtracts | $12.00 |
| 03/21/2017 | Disbursement Processing Fee | | $12.00 | Subtracts | $0.00 |
| 03/06/2017 | Collection Received | BUCHALTER NEMER | $792.62 | Adds | $792.62 |
| 03/31/2017 | Collection Disbursed to Creditor Check 24810048 issued on Apr 3, 2017, paid on Apr 7, 2017 | ATLAS JUDGMENT RECOVERY CORP. | $780.62 | Subtracts | $12.00 |
| 03/31/2017 | Disbursement Processing Fee | | $12.00 | Subtracts | $0.00 |
| 03/20/2017 | Collection Received | BUCHALTER NEMER | $795.57 | Adds | $795.57 |
| 04/14/2017 | Collection Disbursed to Creditor Check 24869847 issued on Apr 17, 2017, paid on Apr 20, 2017 | ATLAS JUDGMENT RECOVERY CORP. | $783.57 | Subtracts | $12.00 |
| 04/14/2017 | Disbursement Processing Fee | | $12.00 | Subtracts | $0.00 |
| 04/04/2017 | Collection Received | BUCHALTER NEMER | $801.49 | Adds | $801.49 |
| 05/13/2017 | Collection Disbursed to Creditor Check 24987441 issued on May 15, 2017, paid on May 19, 2017 | ATLAS JUDGMENT RECOVERY CORP. | $789.49 | Subtracts | $12.00 |
| 05/13/2017 | Disbursement Processing Fee | | $12.00 | Subtracts | $0.00 |
| 04/20/2017 | Collection Received | BUCHALTER NEMER | $810.36 | Adds | $810.36 |
| 05/13/2017 | Collection Disbursed to Creditor Check 24987442 issued on May 15, 2017, paid on May 19, 2017 | ATLAS JUDGMENT RECOVERY CORP. | $798.36 | Subtracts | $12.00 |
| 05/13/2017 | Disbursement Processing Fee | | $12.00 | Subtracts | $0.00 |
| 05/05/2017 | Collection Received | BUCHALTER NEMER | $810.36 | Adds | $810.36 |
| 05/27/2017 | Collection Disbursed to Creditor Check 25051483 issued on May 30, 2017, paid on Jun 2, 2017 | ATLAS JUDGMENT RECOVERY CORP. | $798.36 | Subtracts | $12.00 |
| 05/27/2017 | Disbursement Processing Fee | | $12.00 | Subtracts | $0.00 |
| 05/18/2017 | Collection Received | BUCHALTER NEMER | $813.32 | Adds | $813.32 |
| 06/10/2017 | Collection Disbursed to Creditor Check 25110508 issued on Jun 12, 2017, paid on Jun 16, 2017 | ATLAS JUDGMENT RECOVERY CORP. | $801.32 | Subtracts | $12.00 |
| 06/10/2017 | Disbursement Processing Fee | | $12.00 | Subtracts | $0.00 |
| 06/02/2017 | Collection Received | BUCHALTER NEMER | $795.57 | Adds | $795.57 |
| 06/24/2017 | Collection Disbursed to Creditor Check 25172559 issued on Jun 26, 2017, paid on Jun 29, 2017 | ATLAS JUDGMENT RECOVERY CORP. | $783.57 | Subtracts | $12.00 |
| 06/24/2017 | Disbursement Processing Fee | | $12.00 | Subtracts | $0.00 |
| 06/19/2017 | Collection Received | BUCHALTER NEMER | $792.62 | Adds | $792.62 |
| 07/18/2017 | Collection Disbursed to Creditor Check 25270622 issued on Jul 20, 2017, paid on Jul 25, 2017 | ATLAS JUDGMENT RECOVERY CORP. | $780.62 | Subtracts | $12.00 |
| 07/18/2017 | Disbursement Processing Fee | | $12.00 | Subtracts | $0.00 |
| 07/06/2017 | Collection Received | BUCHALTER NEMER | $810.36 | Adds | $810.36 |
| 07/29/2017 | Collection Disbursed to Creditor Check 25304477 issued on Jul 31, 2017, paid on Aug 2, 2017 | ATLAS JUDGMENT RECOVERY CORP. | $798.36 | Subtracts | $12.00 |
| 07/29/2017 | Disbursement Processing Fee | | $12.00 | Subtracts | $0.00 |
| 07/17/2017 | Collection Received | BUCHALTER NEMER | $810.36 | Adds | $810.36 |
| 08/09/2017 | Collection Disbursed to Creditor Check 25357188 issued on Aug 11, 2017, paid on Aug 16, 2017 | ATLAS JUDGMENT RECOVERY CORP. | $798.36 | Subtracts | $12.00 |
| 08/09/2017 | Disbursement Processing Fee | | $12.00 | Subtracts | $0.00 |

| Date | Description | Creditor | Amount | | |
|------|-------------|----------|--------|---|---|
| 08/03/2017 | Collection Received | BUCHALTER NEMER | $810.36 | Adds | $810.36 |
| 09/01/2017 | Collection Disbursed to Creditor Check 25445968 issued on Sep 5, 2017, paid on Sep 11, 2017 | ATLAS JUDGMENT RECOVERY CORP. | $798.36 | Subtracts | $12.00 |
| 09/01/2017 | Disbursement Processing Fee | | $12.00 | Subtracts | $0.00 |
| 08/18/2017 | Collection Received | BUCHALTER NEMER | $795.57 | Adds | $795.57 |
| 09/09/2017 | Collection Disbursed to Creditor Check 25468947 issued on Sep 11, 2017, paid on Sep 19, 2017 | ATLAS JUDGMENT RECOVERY CORP. | $783.57 | Subtracts | $12.00 |
| 09/09/2017 | Disbursement Processing Fee | | $12.00 | Subtracts | $0.00 |
| 09/07/2017 | Collection Received | BUCHALTER NEMER | $807.40 | Adds | $807.40 |
| 09/30/2017 | Collection Disbursed to Creditor Check 25555195 issued on Oct 2, 2017, paid on Oct 6, 2017 | ATLAS JUDGMENT RECOVERY CORP. | $795.40 | Subtracts | $12.00 |
| 09/30/2017 | Disbursement Processing Fee | | $12.00 | Subtracts | $0.00 |
| 09/21/2017 | Collection Received | BUCHALTER NEMER | $801.49 | Adds | $801.49 |
| 10/14/2017 | Collection Disbursed to Creditor Check 25608955 issued on Oct 16, 2017, paid on Oct 23, 2017 | ATLAS JUDGMENT RECOVERY CORP. | $789.49 | Subtracts | $12.00 |
| 10/14/2017 | Disbursement Processing Fee | | $12.00 | Subtracts | $0.00 |
| 10/02/2017 | Collection Received | BUCHALTER NEMER | $1,168.84 | Adds | $1,168.84 |
| 10/23/2017 | Collection Disbursed to Creditor Check 25651459 issued on Oct 25, 2017, paid on Oct 31, 2017 | ATLAS JUDGMENT RECOVERY CORP. | $1,156.84 | Subtracts | $12.00 |
| 10/23/2017 | Disbursement Processing Fee | | $12.00 | Subtracts | $0.00 |
| 10/19/2017 | Collection Received | BUCHALTER NEMER | $829.13 | Adds | $829.13 |
| 11/15/2017 | Collection Disbursed to Creditor Check 25741725 issued on Nov 17, 2017, paid on Nov 24, 2017 | ATLAS JUDGMENT RECOVERY CORP. | $817.13 | Subtracts | $12.00 |
| 11/15/2017 | Disbursement Processing Fee | | $12.00 | Subtracts | $0.00 |
| 11/03/2017 | Collection Received | BUCHALTER NEMER | $826.05 | Adds | $826.05 |
| 12/02/2017 | Collection Disbursed to Creditor Check 25796377 issued on Dec 4, 2017, paid on Dec 8, 2017 | ATLAS JUDGMENT RECOVERY CORP. | $814.05 | Subtracts | $12.00 |
| 12/02/2017 | Disbursement Processing Fee | | $12.00 | Subtracts | $0.00 |
| 11/20/2017 | Collection Received | BUCHALTER NEMER | $841.43 | Adds | $841.43 |
| 12/19/2017 | Collection Disbursed to Creditor Check 25869975 issued on Dec 21, 2017, paid on Dec 28, 2017 | ATLAS JUDGMENT RECOVERY CORP. | $829.43 | Subtracts | $12.00 |
| 12/19/2017 | Disbursement Processing Fee | | $12.00 | Subtracts | $0.00 |
| 12/06/2017 | Collection Received | BUCHALTER NEMER | $832.20 | Adds | $832.20 |
| 01/13/2018 | Collection Disbursed to Creditor Check 25953047 issued on Jan 16, 2018, paid on Jan 22, 2018 | ATLAS JUDGMENT RECOVERY CORP. | $820.20 | Subtracts | $12.00 |
| 01/13/2018 | Disbursement Processing Fee | | $12.00 | Subtracts | $0.00 |
| 12/20/2017 | Collection Received | BUCHALTER NEMER | $866.02 | Adds | $866.02 |
| 02/02/2018 | Collection Disbursed to Creditor Check 26035545 issued on Feb 5, 2018, paid on Feb 9, 2018 | ATLAS JUDGMENT RECOVERY CORP. | $854.02 | Subtracts | $12.00 |
| 02/02/2018 | Disbursement Processing Fee | | $12.00 | Subtracts | $0.00 |
| 01/08/2018 | Collection Received | BUCHALTER NEMER | $835.07 | Adds | $835.07 |
| 02/12/2018 | Collection Disbursed to Creditor Check 26080141 issued on Feb 14, 2018, paid on Feb 21, 2018 | ATLAS JUDGMENT RECOVERY CORP. | $823.07 | Subtracts | $12.00 |
| 02/12/2018 | Disbursement Processing Fee | | $12.00 | Subtracts | $0.00 |
| 01/19/2018 | Collection Received | BUCHALTER NEMER | $854.08 | Adds | $854.08 |
| 02/24/2018 | Collection Disbursed to Creditor Check 26130382 issued on Feb 26, 2018, paid on Mar 1, 2018 | ATLAS JUDGMENT RECOVERY CORP. | $842.08 | Subtracts | $12.00 |
| 02/24/2018 | Disbursement Processing Fee | | $12.00 | Subtracts | $0.00 |

| Date | Description | Creditor | Amount | Type | Balance |
|---|---|---|---|---|---|
| 02/08/2018 | Collection Received | BUCHALTER NEMER | $832.76 | Adds | $832.76 |
| 03/14/2018 | Collection Disbursed to Creditor Check 26218631 issued on Mar 16, 2018, paid on Mar 21, 2018 | ATLAS JUDGMENT RECOVERY CORP. | $820.76 | Subtracts | $12.00 |
| 03/14/2018 | Disbursement Processing Fee | | $12.00 | Subtracts | $0.00 |
| 02/28/2018 | Collection Received | BUCHALTER NEMER | $835.93 | Adds | $835.93 |
| 03/30/2018 | Collection Disbursed to Creditor Check 26286199 issued on Apr 2, 2018, paid on Apr 6, 2018 | ATLAS JUDGMENT RECOVERY CORP. | $823.93 | Subtracts | $12.00 |
| 03/30/2018 | Disbursement Processing Fee | | $12.00 | Subtracts | $0.00 |
| 04/09/2018 | Collection Received | BUCHALTER NEMER | $755.48 | Adds | $755.48 |
| 05/01/2018 | Collection Disbursed to Creditor Check 26423026 issued on May 3, 2018, paid on May 11, 2018 | ATLAS JUDGMENT RECOVERY CORP. | $743.48 | Subtracts | $12.00 |
| 05/01/2018 | Disbursement Processing Fee | | $12.00 | Subtracts | $0.00 |
| 04/18/2018 | Collection Received | BUCHALTER NEMER | $879.08 | Adds | $879.08 |
| 05/12/2018 | Collection Disbursed to Creditor Check 26465387 issued on May 14, 2018, paid on May 18, 2018 | ATLAS JUDGMENT RECOVERY CORP. | $867.08 | Subtracts | $12.00 |
| 05/12/2018 | Disbursement Processing Fee | | $12.00 | Subtracts | $0.00 |
| 05/04/2018 | Collection Received | BUCHALTER NEMER | $843.43 | Adds | $843.43 |
| 05/26/2018 | Collection Disbursed to Creditor Check 26527644 issued on May 29, 2018, paid on Jun 7, 2018 | ATLAS JUDGMENT RECOVERY CORP. | $831.43 | Subtracts | $12.00 |
| 05/26/2018 | Disbursement Processing Fee | | $12.00 | Subtracts | $0.00 |
| 05/21/2018 | Collection Received | BUCHALTER NEMER | $851.95 | Adds | $851.95 |
| 06/13/2018 | Collection Disbursed to Creditor Check 26612170 issued on Jun 15, 2018, paid on Jun 20, 2018 | ATLAS JUDGMENT RECOVERY CORP. | $839.95 | Subtracts | $12.00 |
| 06/13/2018 | Disbursement Processing Fee | | $12.00 | Subtracts | $0.00 |
| 06/07/2018 | Collection Received | BUCHALTER NEMER | $856.02 | Adds | $856.02 |
| 06/30/2018 | Collection Disbursed to Creditor Check 26685841 issued on Jul 2, 2018, paid on Jul 9, 2018 | ATLAS JUDGMENT RECOVERY CORP. | $844.02 | Subtracts | $12.00 |
| 06/30/2018 | Disbursement Processing Fee | | $12.00 | Subtracts | $0.00 |
| 06/22/2018 | Collection Received | BUCHALTER NEMER | $850.18 | Adds | $850.18 |
| 07/16/2018 | Collection Disbursed to Creditor Check 26752768 issued on Jul 18, 2018, paid on Jul 24, 2018 | ATLAS JUDGMENT RECOVERY CORP. | $838.18 | Subtracts | $12.00 |
| 07/16/2018 | Disbursement Processing Fee | | $12.00 | Subtracts | $0.00 |
| 07/06/2018 | Collection Received | BUCHALTER NEMER | $866.70 | Adds | $866.70 |
| 07/30/2018 | Collection Disbursed to Creditor Check 26799517 issued on Aug 1, 2018, paid on Aug 7, 2018 | ATLAS JUDGMENT RECOVERY CORP. | $854.70 | Subtracts | $12.00 |
| 07/30/2018 | Disbursement Processing Fee | | $12.00 | Subtracts | $0.00 |
| 07/19/2018 | Collection Received | BUCHALTER NEMER | $760.00 | Adds | $760.00 |
| 08/09/2018 | Collection Disbursed to Creditor Check 26845294 issued on Aug 13, 2018, paid on Aug 17, 2018 | ATLAS JUDGMENT RECOVERY CORP. | $748.00 | Subtracts | $12.00 |
| 08/09/2018 | Disbursement Processing Fee | | $12.00 | Subtracts | $0.00 |
| 08/06/2018 | Collection Received | BUCHALTER | $840.25 | Adds | $840,25 |
| 08/28/2018 | Collection Disbursed to Creditor Check 26917375 issued on Aug 30, 2018, paid on Sep 5, 2018 | ATLAS JUDGMENT RECOVERY CORP. | $828.25 | Subtracts | $12.00 |
| 08/28/2018 | Disbursement Processing Fee | | $12.00 | Subtracts | $0.00 |
| 09/06/2018 | Collection Received | BUCHALTER | $838.75 | Adds | $838.75 |
| 09/29/2018 | Collection Disbursed to Creditor Check 27032608 issued on Oct 1, 2018, paid on Oct 5, 2018 | ATLAS JUDGMENT RECOVERY CORP. | $826.75 | Subtracts | $12.00 |
| 09/29/2018 | Disbursement Processing Fee | | $12.00 | Subtracts | $0.00 |

**MSJ Ex. 1, p. 11 of 19**

| Date | Description | | Amount | | Balance |
|------|-------------|---|--------|---|---------|
| 09/19/2018 | Collection Received | BUCHALTER | $844.58 | Adds | $844.58 |
| 10/12/2018 | Collection Disbursed to Creditor Check 27088704 issued on Oct 15, 2018, paid on Oct 19, 2018 | ATLAS JUDGMENT RECOVERY CORP. | $832.58 | Subtracts | $12.00 |
| 10/12/2018 | Disbursement Processing Fee | | $12.00 | Subtracts | $0.00 |
| 10/03/2018 | Collection Received | BUCHALTER | $833.01 | Adds | $833.01 |
| 10/29/2018 | Collection Disbursed to Creditor Check 27156986 issued on Oct 31, 2018, paid on Nov 6, 2018 | ATLAS JUDGMENT RECOVERY CORP. | $821.01 | Subtracts | $12.00 |
| 10/29/2018 | Disbursement Processing Fee | | $12.00 | Subtracts | $0.00 |
| 10/18/2018 | Collection Received | BUCHALTER | $832.76 | Adds | $832.76 |
| 11/09/2018 | Collection Disbursed to Creditor Check 27211186 issued on Nov 13, 2018, paid on Nov 19, 2018 | ATLAS JUDGMENT RECOVERY CORP. | $820.76 | Subtracts | $12.00 |
| 11/09/2018 | Disbursement Processing Fee | | $12.00 | Subtracts | $0.00 |
| 10/18/2018 | Collection Received | BUCHALTER | $0.00 | Cancelled | $0.00 |
| 10/27/2018 | Collection Disbursed to Creditor | CANCELLED 820.76 | $0.00 | Cancelled | $0.00 |
| 10/27/2018 | Disbursement Processing Fee | DPF CANCELLED 12.00 | $0.00 | Cancelled | $0.00 |
| 11/05/2018 | Collection Received | BUCHALTER | $844.83 | Adds | $844.83 |
| 12/03/2018 | Collection Disbursed to Creditor Check 27299457 issued on Dec 6, 2018, paid on Dec 14, 2018 | ATLAS JUDGMENT RECOVERY CORP. | $832.83 | Subtracts | $12.00 |
| 12/03/2018 | Disbursement Processing Fee | | $12.00 | Subtracts | $0.00 |
| 11/23/2018 | Collection Received | BUCHALTER | $851.32 | Adds | $851.32 |
| 12/15/2018 | Collection Disbursed to Creditor Check 27342291 issued on Dec 17, 2018, paid on Dec 20, 2018 | ATLAS JUDGMENT RECOVERY CORP. | $839.32 | Subtracts | $12.00 |
| 12/15/2018 | Disbursement Processing Fee | | $12.00 | Subtracts | $0.00 |
| 12/06/2018 | Collection Received | BUCHALTER | $852.59 | Adds | $852.59 |
| 01/04/2019 | Collection Disbursed to Creditor Check 27411513 issued on Jan 7, 2019, paid on Jan 10, 2019 | ATLAS JUDGMENT RECOVERY CORP. | $840.59 | Subtracts | $12.00 |
| 01/04/2019 | Disbursement Processing Fee | | $12.00 | Subtracts | $0.00 |
| 12/20/2018 | Collection Received | BUCHALTER | $1,459.32 | Adds | $1,459.32 |
| 01/17/2019 | Collection Disbursed to Creditor Check 27467929 issued on Jan 22, 2019, paid on Jan 28, 2019 | ATLAS JUDGMENT RECOVERY CORP. | $1,447.32 | Subtracts | $12.00 |
| 01/17/2019 | Disbursement Processing Fee | | $12.00 | Subtracts | $0.00 |
| 01/10/2019 | Collection Received | BUCHALTER | $886.65 | Adds | $886.65 |
| 01/31/2019 | Collection Disbursed to Creditor Check 27524352 issued on Feb 4, 2019, paid on Feb 7, 2019 | ATLAS JUDGMENT RECOVERY CORP. | $874.65 | Subtracts | $12.00 |
| 01/31/2019 | Disbursement Processing Fee | | $12.00 | Subtracts | $0.00 |
| 01/23/2019 | Collection Received | BUCHALTER | $886.25 | Adds | $886.25 |
| 02/14/2019 | Collection Disbursed to Creditor Check 27582508 issued on Feb 19, 2019, paid on Feb 22, 2019 | ATLAS JUDGMENT RECOVERY CORP. | $874.25 | Subtracts | $12.00 |
| 02/14/2019 | Disbursement Processing Fee | | $12.00 | Subtracts | $0.00 |
| 02/06/2019 | Collection Received | BUCHALTER | $878.84 | Adds | $878.84 |
| 02/27/2019 | Collection Disbursed to Creditor Check 27633300 issued on Mar 1, 2019, paid on Mar 8, 2019 | ATLAS JUDGMENT RECOVERY CORP. | $866.84 | Subtracts | $12.00 |
| 02/27/2019 | Disbursement Processing Fee | | $12.00 | Subtracts | $0.00 |
| 02/25/2019 | Collection Received | BUCHALTER | $886.11 | Adds | $886.11 |
| 03/18/2019 | Collection Disbursed to Creditor Check 27705738 issued on Mar 20, 2019, paid on Mar 25, 2019 | ATLAS JUDGMENT RECOVERY CORP. | $874.11 | Subtracts | $12.00 |
| 03/18/2019 | Disbursement Processing Fee | | $12.00 | Subtracts | $0.00 |
| 03/05/2019 | Collection Received | BUCHALTER | $889.80 | Adds | $889.80 |
| 03/27/2019 | Collection Disbursed to Creditor | ATLAS JUDGMENT RECOVERY CORP. | $877.80 | Subtracts | $12.00 |

**MSJ Ex. 1, p. 12 of 19**

| | | | | | | |
|---|---|---|---|---|---|---|
| | Check 27745618 issued on Mar 29, 2019, paid on Apr 3, 2019 | | | | | |
| 03/27/2019 | Disbursement Processing Fee | | $12.00 | Subtracts | $0.00 |
| 03/18/2019 | Collection Received | BUCHALTER | $917.87 | Adds | $917.87 |
| 04/08/2019 | Collection Disbursed to Creditor Check 27792886 issued on Apr 10, 2019, paid on Apr 16, 2019 | ATLAS JUDGMENT RECOVERY CORP. | $905.87 | Subtracts | $12.00 |
| 04/08/2019 | Disbursement Processing Fee | | $12.00 | Subtracts | $0.00 |
| 04/08/2019 | Collection Received | BUCHALTER | $928.55 | Adds | $928.55 |
| 04/29/2019 | Collection Disbursed to Creditor Check 27879491 issued on May 1, 2019, paid on May 7, 2019 | ATLAS JUDGMENT RECOVERY CORP. | $916.55 | Subtracts | $12.00 |
| 04/29/2019 | Disbursement Processing Fee | | $12.00 | Subtracts | $0.00 |
| 04/22/2019 | Collection Received | BUCHALTER | $832.76 | Adds | $832.76 |
| 05/14/2019 | Collection Disbursed to Creditor Check 27943766 issued on May 16, 2019, paid on May 31, 2019 | ATLAS JUDGMENT RECOVERY CORP. | $820.76 | Subtracts | $12.00 |
| 05/14/2019 | Disbursement Processing Fee | | $12.00 | Subtracts | $0.00 |
| 05/03/2019 | Collection Received | BUCHALTER | $913.48 | Adds | $913.48 |
| 05/31/2019 | Collection Disbursed to Creditor Check 28013188 issued on Jun 3, 2019, paid on Jun 6, 2019 | ATLAS JUDGMENT RECOVERY CORP. | $901.48 | Subtracts | $12.00 |
| 05/31/2019 | Disbursement Processing Fee | | $12.00 | Subtracts | $0.00 |
| 05/20/2019 | Collection Received | BUCHALTER | $894.04 | Adds | $894.04 |
| 06/13/2019 | Collection Disbursed to Creditor Check 28072988 issued on Jun 17, 2019, paid on Jun 20, 2019 | ATLAS JUDGMENT RECOVERY CORP. | $882.04 | Subtracts | $12.00 |
| 06/13/2019 | Disbursement Processing Fee | | $12.00 | Subtracts | $0.00 |
| 06/07/2019 | Collection Received | BUCHALTER | $896.37 | Adds | $896.37 |
| 06/29/2019 | Collection Disbursed to Creditor Check 28138808 issued on Jul 1, 2019, paid on Jul 5, 2019 | ATLAS JUDGMENT RECOVERY CORP. | $884.37 | Subtracts | $12.00 |
| 06/29/2019 | Disbursement Processing Fee | | $12.00 | Subtracts | $0.00 |
| 06/19/2019 | Collection Received | BUCHALTER | $893.76 | Adds | $893.76 |
| 07/13/2019 | Collection Disbursed to Creditor Check 28185566 issued on Jul 15, 2019, paid on Jul 18, 2019 | ATLAS JUDGMENT RECOVERY CORP. | $881.76 | Subtracts | $12.00 |
| 07/13/2019 | Disbursement Processing Fee | | $12.00 | Subtracts | $0.00 |
| 07/03/2019 | Collection Received | BUCHALTER | $896.39 | Adds | $896.39 |
| 07/27/2019 | Collection Disbursed to Creditor Check 28233243 issued on Jul 29, 2019, paid on Aug 1, 2019 | ATLAS JUDGMENT RECOVERY CORP. | $884.39 | Subtracts | $12.00 |
| 07/27/2019 | Disbursement Processing Fee | | $12.00 | Subtracts | $0.00 |
| 07/22/2019 | Collection Received | BUCHALTER | $910.41 | Adds | $910.41 |
| 08/17/2019 | Collection Disbursed to Creditor Check 28315875 issued on Aug 19, 2019, paid on Aug 22, 2019 | ATLAS JUDGMENT RECOVERY CORP. | $898.41 | Subtracts | $12.00 |
| 08/17/2019 | Disbursement Processing Fee | | $12.00 | Subtracts | $0.00 |
| 08/05/2019 | Collection Received | BUCHALTER | $914.22 | Adds | $914.22 |
| 08/31/2019 | Collection Disbursed to Creditor Check 28372778 issued on Sep 3, 2019, paid on Sep 9, 2019 | ATLAS JUDGMENT RECOVERY CORP. | $902.22 | Subtracts | $12.00 |
| 08/31/2019 | Disbursement Processing Fee | | $12.00 | Subtracts | $0.00 |
| 08/19/2019 | Collection Received | BUCHALTER | $921.41 | Adds | $921.41 |
| 09/13/2019 | Collection Disbursed to Creditor Check 28424588 issued on Sep 16, 2019, paid on Sep 19, 2019 | ATLAS JUDGMENT RECOVERY CORP. | $909.41 | Subtracts | $12.00 |
| 09/13/2019 | Disbursement Processing Fee | | $12.00 | Subtracts | $0.00 |
| 09/05/2019 | Collection Received | BUCHALTER | $913.38 | Adds | $913.38 |
| 09/28/2019 | Collection Disbursed to Creditor | ATLAS JUDGMENT RECOVERY CORP. | $901.38 | Subtracts | $12.00 |

| | | | | | |
|---|---|---|---|---|---|
| | Check 28480191 issued on Sep 30, 2019, paid on Oct 10, 2019 | | | | |
| 09/28/2019 | Disbursement Processing Fee | | $12.00 | Subtracts | $0.00 |
| 09/18/2019 | Collection Received | BUCHALTER | $914.08 | Adds | $914.08 |
| 10/12/2019 | Collection Disbursed to Creditor Check 28534122 issued on Oct 15, 2019, paid on Oct 18, 2019 | ATLAS JUDGMENT RECOVERY CORP. | $902.08 | Subtracts | $12.00 |
| 10/12/2019 | Disbursement Processing Fee | | $12.00 | Subtracts | $0.00 |
| 10/07/2019 | Collection Received | BUCHALTER | $922.40 | Adds | $922.40 |
| 10/31/2019 | Collection Disbursed to Creditor Check 28614520 issued on Nov 4, 2019, paid on Nov 7, 2019 | ATLAS JUDGMENT RECOVERY CORP. | $910.40 | Subtracts | $12.00 |
| 10/31/2019 | Disbursement Processing Fee | | $12.00 | Subtracts | $0.00 |
| 10/21/2019 | Collection Received | BUCHALTER A PROFESSIONAL C | $928.18 | Adds | $928.18 |
| 11/15/2019 | Collection Disbursed to Creditor Check 28674242 issued on Nov 18, 2019 | ATLAS JUDGMENT RECOVERY CORP. | $916.18 | Subtracts | $12.00 |
| 11/15/2019 | Disbursement Processing Fee | | $12.00 | Subtracts | $0.00 |
| 11/07/2019 | Collection Received | BUCHALTER | $913.09 | Adds | $913.09 |
| 12/10/2019 | Collection Disbursed to Creditor Check 28764287 issued on Dec 12, 2019, paid on Dec 17, 2019 | ATLAS JUDGMENT RECOVERY CORP. | $901.09 | Subtracts | $12.00 |
| 12/10/2019 | Disbursement Processing Fee | | $12.00 | Subtracts | $0.00 |
| 11/21/2019 | Collection Received | BUCHALTER | $926.78 | Adds | $926.78 |
| 12/20/2019 | Collection Disbursed to Creditor Check 28807414 issued on Dec 23, 2019, paid on Dec 30, 2019 | ATLAS JUDGMENT RECOVERY CORP. | $914.78 | Subtracts | $12.00 |
| 12/20/2019 | Disbursement Processing Fee | | $12.00 | Subtracts | $0.00 |
| 12/09/2019 | Collection Received | BUCHALTER | $911.92 | Adds | $911.92 |
| 12/31/2019 | Collection Disbursed to Creditor Check 28841326 issued on Jan 2, 2020, paid on Jan 8, 2020 | ATLAS JUDGMENT RECOVERY CORP. | $899.92 | Subtracts | $12.00 |
| 12/31/2019 | Disbursement Processing Fee | | $12.00 | Subtracts | $0.00 |
| 12/18/2019 | Collection Received | BUCHALTER | $905.47 | Adds | $905.47 |
| 01/11/2020 | Collection Disbursed to Creditor Check 28878291 issued on Jan 13, 2020, paid on Jan 17, 2020 | ATLAS JUDGMENT RECOVERY CORP. | $893.47 | Subtracts | $12.00 |
| 01/11/2020 | Disbursement Processing Fee | | $12.00 | Subtracts | $0.00 |
| 01/06/2020 | Collection Received | BUCHALTER | $924.69 | Adds | $924.69 |
| 01/29/2020 | Collection Disbursed to Creditor Check 28959568 issued on Jan 31, 2020, paid on Feb 4, 2020 | ATLAS JUDGMENT RECOVERY CORP. | $912.69 | Subtracts | $12.00 |
| 01/29/2020 | Disbursement Processing Fee | | $12.00 | Subtracts | $0.00 |
| 01/21/2020 | Collection Received | BUCHALTER | $924.97 | Adds | $924.97 |
| 02/12/2020 | Collection Disbursed to Creditor Check 29021415 issued on Feb 14, 2020, paid on Feb 20, 2020 | ATLAS JUDGMENT RECOVERY CORP. | $912.97 | Subtracts | $12.00 |
| 02/12/2020 | Disbursement Processing Fee | | $12.00 | Subtracts | $0.00 |
| 02/05/2020 | Collection Received | BUCHALTER | $934.00 | Adds | $934.00 |
| 02/28/2020 | Collection Disbursed to Creditor Check 29083190 issued on Mar 2, 2020, paid on Mar 6, 2020 | ATLAS JUDGMENT RECOVERY CORP. | $922.00 | Subtracts | $12.00 |
| 02/28/2020 | Disbursement Processing Fee | | $12.00 | Subtracts | $0.00 |
| 02/20/2020 | Collection Received | BUCHALTER | $943.30 | Adds | $943.30 |
| 03/14/2020 | Collection Disbursed to Creditor Check 29140777 issued on Mar 16, 2020, paid on Mar 19, 2020 | ATLAS JUDGMENT RECOVERY CORP. | $931.30 | Subtracts | $12.00 |
| 03/14/2020 | Disbursement Processing Fee | | $12.00 | Subtracts | $0.00 |
| 03/04/2020 | Collection Received | BUCHALTER | $919.89 | Adds | $919.89 |
| 03/27/2020 | Collection Disbursed to Creditor Check 29195460 issued on Mar 31, 2020, | ATLAS JUDGMENT RECOVERY CORP. | $907.89 | Subtracts | $12.00 |

| | | | | | |
|---|---|---|---|---|---|
| | paid on Apr 6, 2020 | | | | |
| 03/27/2020 | Disbursement Processing Fee | | $12.00 | Subtracts | $0.00 |
| 03/16/2020 | Collection Received | BUCHALTER | $951.91 | Adds | $951.91 |
| 04/09/2020 | Collection Disbursed to Creditor Check 29242412 issued on Apr 13, 2020, paid on Apr 20, 2020 | ATLAS JUDGMENT RECOVERY CORP. | $939.91 | Subtracts | $12.00 |
| 04/09/2020 | Disbursement Processing Fee | | $12.00 | Subtracts | $0.00 |
| 04/06/2020 | Collection Received | BUCHALTER | $910.58 | Adds | $910.58 |
| 04/27/2020 | Collection Disbursed to Creditor Check 29303371 issued on Apr 29, 2020, paid on May 4, 2020 | ATLAS JUDGMENT RECOVERY CORP. | $898.58 | Subtracts | $12.00 |
| 04/27/2020 | Disbursement Processing Fee | | $12.00 | Subtracts | $0.00 |
| 04/20/2020 | Collection Received | BUCHALTER | $637.12 | Adds | $637.12 |
| 05/12/2020 | Collection Disbursed to Creditor Check 29352772 issued on May 14, 2020, paid on May 20, 2020 | ATLAS JUDGMENT RECOVERY CORP. | $625.12 | Subtracts | $12.00 |
| 05/12/2020 | Disbursement Processing Fee | | $12.00 | Subtracts | $0.00 |

**MSJ Ex. 1, p. 15 of 19**

**Users are advised that information on this website does not constitute an official record. Further, the Los Angeles County Sheriff's Department and the County of Los Angeles are not liable in any way for any inaccuracy of information published herein.**

This information is current as of 04/19/2023
Last update to this case: 10/19/2022

## HERZOG, JAY v. LEVINSON, LISA ET AL

| Overview | Fee Deposits | | Collections | |
|---|---|---|---|---|
| **Case Number** | **Received** | | **Funds Received** | |
| BC230085 | $75.00 | | $3,873.58 | |
| **Sheriff's Office** | **Sheriff Service Fees** | | **Disbursed to Creditor** | |
| Beverly Hills | $75.00 | | $288.00 | |
| **Court** | | **Pending Service Fees** | | **Most Recent** |
| Los Angeles Superior Court (Los Angeles County Mosk) | | $0.00 | | N/A |
| **Stays** | **Costs Paid to Vendors** | | **Pending to Creditor** | |
| No Stays | $0.00 | | $0.00 | |
| **Last Date For Service** | **Bad Check Fee etc.** | | **Next Scheduled** | |
| N/A | $0.00 | | N/A | |
| **Writ/Accept Amt** | **Refund** | | **Sheriff Fees** | |
| $0.00 | $0.00 | | $24.00 | |
| **Amount To Satisfy** | | **Pending Refund** | | **Pending Sheriff Fees** |
| $664,300.29 | | $0.00 | | $0.00 |
| **Interest Per Day** | **Balance Available** | | **Disbursed to Other Parties** | |
| $0.00 | $0.00 | | $0.00 | |
| **Writ Expire Date** | | | **Refunds** | |
| 06/27/2024 | | | $1,197.34 | |
| **Writ Return Date** | | | **Pending Refunds** | |
| | | | $0.00 | |
| | | | **Balance on Hold** | |
| | | | $2,364.24 | |

**Service Details**

| Description | Received | Activity | Fee | Serve-On |
|---|---|---|---|---|
| **EXECUTION GARNISHMENT** | 07/07/2020 | 07/15/2020 | $40.00 | JP MORGAN CHASE BANK:SERVED |
| **Answer from the party served** | 07/30/2020 | | $0.00 | |
| **EARNINGS WITHHOLDING ORD** | 06/29/2022 | 07/26/2022 | $35.00 | MANATT PHELPS & PHILLIPS ATTN: PAYROLL:MAILED |
| **Answer from the party served** | 07/26/2022 | | $0.00 | |

**MSJ Ex. 1, p. 17 of 19**

## Challenges

| Received | Description |
| --- | --- |
| 07/25/2022 | CLAIM OF EXEMPTION |
| 10/07/2022 | BANKRUPTCY |
| 10/07/2022 | BANKRUPTCY |
| 10/07/2022 | MODIFY EWO |
| 09/08/2022 | MODIFY EWO |
| 09/08/2022 | MINUTE ORDER |

## Collections - 16 Transactions

| Activity | Description | Remitter / Payee | Dollars | Effect | Balance |
|---|---|---|---|---|---|
| 08/08/2022 | Collection Received | MANATT PHELPS &PHILLIPS LL | $896.71 | Adds | $896.71 |
| 08/23/2022 | Collection Received | MANATT PHELPS & PHILLIPS L | $900.63 | Adds | $1,797.34 |
| 09/22/2022 | Collection Disbursed to Creditor Check 32124247 issued on Sep 26, 2022, paid on Sep 29, 2022 | DENNIS GEWANT DBA ATLAS JUDGMENT | $288.00 | Subtracts | $1,509.34 |
| 09/22/2022 | Disbursement Processing Fee | | $12.00 | Subtracts | $1,497.34 |
| 10/04/2022 | Collection Disbursed to Creditor Check 32160443 issued on Oct 6, 2022, cancelled on Oct 24, 2022 Cancellation (CWT) booked on Oct 18, 2022 | DENNIS GEWANT DBA ATLAS JUDGMENT | $0.00 | Cancelled | $1,497.34 |
| 10/04/2022 | Disbursement Processing Fee | | $12.00 | Subtracts | $1,485.34 |
| 10/04/2022 | Collection Disbursed to Refund Check 32160458 issued on Oct 6, 2022, paid on Oct 19, 2022 | MANATT, PHELPS & PHILLIPS, LLC | $1,197.34 | Subtracts | $288.00 |
| 09/06/2022 | Collection Received | MANATT PHELPS & PHILLIPS L | $913.57 | Adds | $1,201.57 |
| 10/12/2022 | Collection Disbursed to Creditor | CANCELLED 901.57 | $0.00 | Cancelled | $1,201.57 |
| 10/12/2022 | Disbursement Processing Fee | CANCELLED 12.00 | $0.00 | Cancelled | $1,201.57 |
| 09/23/2022 | Collection Received | MANATT PHELPS & PHILLIPS L | $862.67 | Adds | $2,064.24 |
| 10/12/2022 | Collection Disbursed to Creditor | CANCELLED 850.67 | $0.00 | Cancelled | $2,064.24 |
| 10/12/2022 | Disbursement Processing Fee | CANCELLED 12.00 | $0.00 | Cancelled | $2,064.24 |
| 10/11/2022 | Collection Received | MANATT PHELPS & PHILLIPS L | $300.00 | Adds | $2,364.24 |
| 10/17/2022 | Collection Disbursed as Refund | CANCELLED 2076.24 | $0.00 | Cancelled | $2,364.24 |
| 10/18/2022 | Collection Disbursed to Creditor | | $288.00 | Adds | $2,652.24 |

**MSJ Ex. 1, p. 19 of 19**

**PROPOSED JUDGMENT**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION**

| | |
|---|---|
| In re Richard Irving Levinson and Lisa Marie Levinson, | Case No.: 2:22-BK-15330-WB |
| | Chapter 7 Proceeding |
| Debtors | Adv. Proc. No. 2:22-AP-01218-WB |
|     Dennis Gewant DBA Atlas Judgment Recovery, | |
|     Plaintiff, | **JUDGMENT** |
|     v. | |
|     Richard Irving Levinson and Lisa Marie Levinson, | |
|     Defendants | |

    The matter came on for regular hearing of purposes of motions for summary judgment filed by both sides in the case, duly noticed, on June 6, 2023 before the Honorable Julia W Brown, Ccourtroom 1375 of the United States Bankruptcy Court, Central District of California. Appearances were made by all parties, with Plaintiff Dennis Gewant representing himself and Defendants Richard Irving Levinson and Lisa Marie Levinson represented by David S. Hagen.

Having heard the testimony of the witness presented and reviewed the exhibits moved into evidence and having reviewed the full pleadings on file in this action, the Court finds in favor of Plaintiff, Dennis Gewant, on the sole cause of action, nondischargeability for fraud pursuant to 11 USC 523(a)(2)(A).

Accordingly, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. The judgment entered in Los Angeles Superior Court case #BC 230085 and its corresponding New Hampshire sister state judgment, Rockingham Superior Court case #218-2020-CV-00745, are hereby deemed wholly nondischargeable;

2. Jurisdiction is remanded to the respective state courts for enforcement of the judgments, to be enforced jointly such that each dollar recovered is applied toward the satisfaction of both judgments, and with interest to continue accruing at the respective state court rates;

3. Plaintiff, Dennis Gewant, may submit memoranda of costs to those respective state courts to claim his costs in this proceeding, subject to all applicable state court rules.

Dated: _____        _____

Hon. Julia W. Brand

United States Bankruptcy Court

JUDGMENT

2

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

269 S Beverly Dr, Ste 102, Beverly Hills, CA 90212

A true and correct copy of the foregoing document entitled (*specify*): PLAINTIFF DENNIS GEWANT'S NOTICE OF
MOTION AND MOTION FOR SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES; WITH
EXHIBIT 1, STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW; DECLARATION OF
DENNIS GEWANT; AND PROPOSED JUDGMENT
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in
the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)
_____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that
the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated
below:

As a pro se litigant, I have no access to CM/ECF.

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*)   04/21/2023   , I served the following persons and/or entities at the last known addresses in this bankruptcy
case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail,
first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the
judge <u>will be completed</u> no later than 24 hours after the document is filed.

Hon. Julia W. Brand, United States Bankruptcy Court, 255 E. Temple St., Courtroom 1375, Los Angeles CA 90012.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method
for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*)   04/21/2023   , I served
the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to
such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration
that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is
filed.

Defendants' counsel via email per written agreement:
David S Hagen, DavidHagenLaw@gmail.com
To Defendants through Richard Levinson: richlevinson@prodigy.net

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 04/21/2023 | Dennis Gewant | /s/ Dennis Gewant |
|---|---|---|
| Date | Printed Name | Signature |

4/21/2023  S. Insul as To Judge's copy

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.